# Richmond.

81  473
92  574

## R. & A. R. R. Co. v. City of Lynchburg.

### February 25th, 1866.

1. MUNICIPAL TAXATION—*Constitution.*—The provisions of the constitution requiring taxation to be equal and uniform, and that all property shall be taxed in proportion to its value, relates to taxation for the purposes of revenue, and not to special assessments by municipal corporations for local improvements. *Norfolk City* v. *Ellis,* 26 · Gratt. 224. ·

2. IDEM—*Idem.*—The provisions of the charter of Lynchburg empowering the council, when water mains are laid in the street, to levy an annual special assessment on the real estate on both sides of such street to meet the expenses of the water-works, and further authorizing it to exempt from such assessment any property to which water is supplied and water rates charged, are not repugnant to the State constitution.

Error to judgment of corporation court of city of Lynchburg, rendered in an action, wherein the Richmond & Alleghany R. R. Company was plaintiff and the said city was defendant.

Opinion states the case.

*John W. Daniel* and *Carrington & Fitzhugh,* for the plaintiff in error.

*R. G. H. Kean,* for the defendant in error.
VOL. LXXXI—60

Lewis, P., delivered the opinion of the court.

By the amended charter of the city of Lynchburg it is, among other things, provided as follows . "When water mains are laid in a street, the council shall have power, for the purpose of meeting the expenses of the water-works of the city, to levy an annual special assessment upon the real estate on both sides of such street; provided, such assessment shall not exceed one-quarter of one per centum of its assessed value; but it shall also be authorized to exempt any property from such assessment to which water is supplied and water rates charged." Acts 1879–80, p. 112, sec. 8.

On the 29th of July, 1881, the council adopted an ordinance establishing certain water rates for water furnished by the city to consumers of water, supplied by the city water mains. And by the second section of the same ordinance it is provided, that "the owners of all property abutting upon streets along which water mains are laid, shall pay one-fourth of one per centum of the assessed value; provided, the said property is not supplied with water, and subject to water rates therefor."

The Richmond and Alleghany Railroad Company, the plaintiff in error, was the owner of certain real estate, situated in the city of Lynchburg, known as "the city mills." The company not taking water from the city, this property was, in 1882, pursuant to the above-mentioned ordinance, assessed with a tax of one-fourth of one per centum of its assessed value— namely, $35,000, making the amount of the assessment $87.50, for the year commencing on the 1st of February, 1882. This tax the company paid under protest, and thereupon instituted the present action against the city to recover it back. Judgment was rendered for the city, and, on a writ of error to that judgment, the case is now here.

The ground on which the action was founded, and on which

the case has been brought to this court is, that the assessment in question is unconstitutional and void. This contention is based on the first and third sections of the tenth article of the constitution, which are as follows:

"Sec. 1. Taxation, except as hereinafter provided, whether imposed by the State, county or corporate bodies, shall be equal and uniform; and all property, both real and personal, shall be taxed in proportion to its value, to be ascertained as prescribed by law. No one species of property, from which a tax may be collected, shall be taxed higher than any other species of property of equal value."

\* \* \* \* \* \* \* \* \* \* \*

"Sec. 3. The legislature may exempt all property used exclusively for State, county, municipal, benevolent, charitable, educational, and religious purposes."

The particular points of objection are—1. That the ordinance, under which the assessment was made, disregards the constitutional mandate that "all property, both real and personal, shall be taxed," and imposes a tax on real estate alone; 2. That it levies a conditional and not an absolute tax; and 3. That it is arbitrary and discriminative. The ordinance in question is in strict accordance with the provisions of the amended charter of the city, already quoted, and consequently the questions thus raised involve the constitutionality of those provisions.

It was decided by this court, in *Norfolk City* v. *Ellis*, 26 Gratt. 224, that the provision of the constitution requiring taxation to be equal and uniform, and that all property shall be taxed in proportion to its value, relates to taxation for the purpose of revenue, and not to special assessments by municipal corporations for local improvements. "These assessments," said Judge Staples, speaking for the court, "are not founded upon any idea of revenue, but upon the theory of benefits

conferred by such improvements upon the adjacent lots. It is regarded as a system of equivalents. It imposes the tax according to the maxim that he who receives the benefit ought to bear the burden; and it aims to exact from the party assessed, no more than his just share of that burden according to an equitable rule of apportionment." The question in that case was whether an ordinance of the city of Norfolk, requiring three-fourths of the cost of grading, curbing and paving any unpaved street in the city, to be assessed on the lots lying on such street at a uniform rate per front foot, was constitutional and valid; and it was held that it was. The question was very fully discussed by the court, and the conclusion reached is, we think, founded on reason and authority. See Cooley on Taxation, 416 *et seq.*, and cases cited.

The same principle applies to the present case. In the nature of things, exact equality cannot be attained under any system of taxation that can be devised for local improvements. If a general tax is imposed for such purposes on all the taxable property in a city, the result in most cases is that property not in the vicinity of the contemplated improvements is burdened without being benefited in return. And this is emphatically true in respect to assessments to defray the cost of laying water mains and maintaining water-works; the benefits being local and necessarily restricted to the lots upon which the water from the mains can be used for ordinary purposes, or the extinguishment of fires. The legislature has, therefore, in the present instance, wisely empowered the common council to make special assessments on the real estate abutting on the streets along which the mains are laid. The burden is thus placed on the property, the value of which is enhanced by the expenditures that are made, which is a far more equitable apportionment than if placed on the entire property within the limits of the city. And for the same reason the

burden may be placed on real estate alone, which, unlike personalty, being immovable in its nature, is more peculiarly and permanently benefited. This is well settled.

Thus, the constitution of Arkansas provides, that "*all* property shall be taxed according to its value, the manner of ascertaining which to be as the general assembly shall direct, making the same equal and uniform throughout the State." Under authority conferred by a statute of that State, certain lands, which it was supposed would be specially benefited, were alone assessed with a levee tax. It was objected, in a case arising under the statute, that the act and the assessments made under it were unconstitutional and void, but the objection was not sustained. *McGehee* v. *Mathis*, 21 Ark. 40.

So the constitution of California provides as follows: "Taxation shall be equal and uniform throughout the State. *All* property in this State shall be taxed in proportion to its value, to be ascertained as directed by law." Yet it has been repeatedly held by the courts of that State that assessments for local improvements may be made exclusively on real estate benefited thereby, and that the above quoted provision of the constitution applies only to taxation to raise revenue to defray the ordinary expenses of the State, county, and municipal governments. And to the same effect are numerous decisions of the courts of other States. *Emery* v. *San Francisco Gas Co.*, 28 Cal. 354, and cases cited.

It is on this principle that it has often been held in States in which churches are exempt from taxation, that such exemption does not extend to special assessments for local improvements, such as the repairs of the streets on which they stand, and the like. *Lockwood* v. *City of St. Louis*, 24 Mo. 21; *Northern Liberties* v. *St. John's Church*, 13 Penn. St. 104; Cooley on Taxation, 147, and cases cited.

It is contended, however, that the ordinance in question

adopts a system of taxation which lacks the essential quality of uniformity, and, moreover, that it exempts property from taxation which is not warranted by the constitution. But this objection is not well founded. Undoubtedly, the legislature may authorize the council to establish water rates—that is, the prices to be paid by consumers of water supplied by the city, and we do not perceive why the lots thus supplied may not be lawfully exempted from the payment of another tax in the shape of a special assessment. For whether a tax is paid in the shape of a water rate, or, according to a special assessment, it is, in either case, a presumed equivalent for the benefits conferred by the improvements in question. And hence, while property which is supplied with water by the city is, under the ordinance, exempted from special assessment, it still bears its supposed share of the burden of those improvements. True, inequalities may sometimes occur in the working of such a system, but that, as we have said, is incident to any system that can be devised. Besides, it is a matter confided to the legislature, and as to which its determination is conclusive, unless, indeed, a case should arise of such gross inequality and oppression as to partake rather of the nature of an arbitrary exaction than a tax. *Allen* v. *Drew,* 44 Vt. 174; *Norfolk City* v. *Ellis, supra.*

It is plain, therefore, that, like the constitutional provisions already referred to, the further provision of the constitution also relied on by the plaintiff in error, which, it is contended, impliedly forbids the legislature from exempting any property from taxation, except such as is "used exclusively for State, county, municipal, benevolent, charitable, educational, and religious purposes," has no application to the present case.

At the same time, it may be conceded that, independent of any express constitutional provision, it is not competent for the legislature, where the burden is common, arbitrarily to

exempt from taxation the property of one man to the prejudice of that of his neighbor. The power of taxing and the duty of apportioning taxation are inseparable. This is an established principle, inherent in our system of government. Cooley's Const. Lim. 495.

"However absolute the right of an individual may be," says Chief-Justice Marshall, "it is still in the nature of that right that it must bear a portion of the public burdens, and that portion must be determined by the legislature. This vital power may be abused, but the interest, wisdom and justice of the representative body, and its relations with its constituents, furnish the only security against unjust and excessive taxation, as well as against unwise legislation generally." *Providence Bank* v. *Billings,* 4 Pet. 514.

The remaining objection—namely, that the ordinance is illegally discriminative, is founded on the same grounds as the assignments of error already considered, and is equally untenable. The judgment is affirmed.

Judgment affirmed.