## Staunton.

GREEN V. WARD AND ALS.

SEPTEMBER 16th, 1886.

1. MUNICIPAL CORPORATIONS—*Taxation.*—These municipalities have not the power of imposing taxes, except when they are conferred by the legislature ; and when conferred, they must be strictly followed. *Kirkham* v. *Russell, Auditor,* 76 Va. 956.

2. IDEM—*City of Alexandria—Charter—Construction.*—By section 14 of its charter, power is conferred on this city "to specifically tax a lot adjoining a street on which paving is done or a curbstone put down (whether on the sidewalk or carriageway), not exceeding two-thirds of the expense of the curbstone or paving on that half of the street opposite the lot." Acts 1870-71, p. 132 ; Acts 1876-77, p. 158.

HELD :

 1. This section does not authorize a special assessment for street improvements, to be made a *personal* charge against the owner, but only a charge on the lot so taxed.

 2. Nor does this section authorize a tax for the *grading* of the street, but only for the paving and laying down curbstone on the same.

3. IDEM—*Distress for taxes and levies—Assessments.*—By the 20th section the collecting officers are empowered to distrain for taxes and levies due the city.

HELD :

 This section does not empower those officers to distrain for special assessments for street improvements, which are chargeable on real estate only. *Neenan* v. *Smith,* 50 Mo. 525.

4. IDEM—*Power of delegation.*—But by its charter the city council of Alexandria are empowered to have the work, for which the assessment is made, done under the direction of a body known as the board of public works, created by the city council. *Hitchcock* v. *Galveston,* 96 U. S. 341.

Error to judgment of circuit court of city of Alexandria, rendered March 21st, 1885, on a motion in which John W. Green was plaintiff, and William H. Ward and John T. Hite were defendants. There was judgment for the defendants; and the plaintiff excepted and obtained a writ of error and *supersedeas* from a judge of this court.

Opinion states the case.

*S. F. Beach*, for the plaintiff in error.

*K. Kemper* and *Charles E. Stuart*, for the defendants in error.

LEWIS, P., delivered the opinion of the court.

This was a motion in the court below for an award of execution on a forthcoming bond. The plaintiff, who is the plaintiff in error here, was the owner of certain unimproved lots abutting on Columbus street, in the city of Alexandria. In 1874 he was personally assessed by the city with a special tax of $558.88 for paving, grading, and curbing a section of the said street. This tax remaining unpaid, the city took steps to collect it, and levied on certain rents due the plaintiff on account of other real estate, situate on another street, in a different part of the city. Subsequently, a distress warrant was obtained by the plaintiff for the rent which had thus been levied on. The tenant executed a forthcoming bond, upon which the motion was founded. The defence was that the rent had been levied on by the city as aforesaid. The circuit court sustained the defence, and gave judgment for the defendants, the obligors in the bond, whereupon the case on a writ of error was brought to this court.

The single question in the case is as to the validity of the assessment in question. Its validity is denied by the plaintiff

on the ground, among others, that the tax, if valid at all, is chargeable, not against him personally, but only on his property abutting on Columbus street. And we are of opinion that this position is well taken.

It is an established principle that the power of taxation is not possessed by a municipal corporation, unless plainly conferred by the law-making power of the State. And it is equally well settled that if, when conferred, the mode in which it shall be exercised is prescribed, that mode must be strictly pursued.

The question before us must, therefore, be determined with reference to the powers conferred upon the city by its charter.

The fourteenth section gives the city council power to pave, make and repair the streets and highways, and in general terms empowers it to raise money, by taxes, for municipal purposes. By the thirty-third section, however, specific provision is made for paving and curbing the streets as follows: "The city council shall have power to specially tax a lot adjoining a street on which paving is done or curbstone put down (whether on the sidewalk or carriageway), not exceeding two-thirds of the expense of the curbstone or paving on that half of the street opposite such lot." Acts 1870–71, page 132; Acts 1876–77, page 158.

Here, it will be observed, the power conferred is, not to levy a tax chargeable against the owners of property personally, but to tax *the lots* adjoining a street in which paving is done or curbstone is put down. No other plan of special assessment to meet the expense of such improvements is prescribed or authorized. And since the power to tax is derived from the charter alone, it follows that the power must be exercised, if at all, in strict conformity with the provisions of the charter.

"In the construction of any grant of power to tax made by the State to one of its municipalities, the rule which is accepted

by all the authorities is, that it should be with strictness. The reasonable presumption is held to be, that the State has granted in clear and unmistakable terms all it has intended to grant at all; and whatsoever authority the municipal officers assume to exercise, they must be able to show the warrant for in the words of the grant. There is no inherent power in the municipalities to levy taxes; they can tax only as the State in its wisdom has thought proper to permit, and if the State has erred in the direction of strictness, the legislature alone can correct the evil." Cooley on Taxation, chapter 9, page 209.

Counsel for the city, who argued the case for the defendants in error, virtually concede that the judgment could not be sustained if the assessment exceeded the value of the plaintiff's taxable property on Columbus street. But can the validity of an assessment be tried by such a test? Is an assessment to be held valid as a personal charge, if less than the value of the property affected by the improvements for which the assessment is made, and void, if in excess of such value? Manifestly such was not the intention of the legislature. On the contrary, the evident purpose was to authorize a uniform system of taxation for certain street improvements, and one that is very generally regarded as the most equitable for such purposes.

The theory in respect to sepcial assessments for local improvements is, that the property charged is so situated as to be peculiarly benefited, and hence, as an equivalent of its enhanced value, ought, rather than the public, to bear the burden of such improvements. But property of the owner situated elsewhere, not being thus affected, stands on the same footing with the property of all other citizens of the community, and ought not, therefore, to contribute if the latter does not. *Norfolk city v. Ellis*, 26 Gratt. 224; *Richmond and Alleghany Railroad Co. v. City of Lynchburg*, 81 Va. 473.

Accordingly, the legislature has not seen fit to authorize a special assessment for street improvements in the city of Alexandria to be made a personal charge against the owner of property taxable for such purposes, and to do so would, in many cases, be productive of hardship and injustice; as, for example, where property is sold as delinquent, and brings less than the tax assessed upon it. In such a case, to hold the owner liable for the deficiency, after exhausting his property supposed to be rendered more valuable by the improvement, would be not only unjust, but violative of the principle upon which such assessments are made. Cooley on Taxation, ch. XX, p. 472.

In no case, therefore, can such an assessment be held a personal charge, except where plainly permitted by legislative authority, and there is no such authority in the present case.

The 20th section of the charter empowers the collecting officers of the city to distrain for taxes and levies due the city; but its language does not apply to special assessments for street improvements, which are chargeable on real estate only. A similar question arose, and was decided in the same way, in *Neenan* v. *Smith*, 50 Mo. 525.

It is true that to make an assessment for street improvements a personal charge, and to collect it in the same way that ordinary taxes are collected, would be a more expeditious and, for the city, a more desirable mode of collecting the tax than to enforce the lien of the assessment by a sale of the property. But the question here is one, not of convenience, but of municipal authority; and since the power contended for has not been granted, it follows that the assessment in question is void.

Another well founded objection to the assessment is, that it includes the expense of *grading* which, under the charter is chargeable neither against the owner personally nor upon his property, but is left to be provided for by ordinary taxation. The assessment is for paving, curbing, and grading, and the

items are indistinguishably blended in one aggregate sum. This would be fatal to the validity of the assessment, even if the expense of paving and curbing were a personal charge, as contended for by the city. For although grading may be a necessary preparation to paving or curbing a street, yet in the one case the expense may be met by special assessment, in the other it may not. Such are the provisions of the charter.

The plaintiff also denies the validity of the assessment, on the ground that the work, for which the assessment was made, was done under the direction of a body, known as the Board of Public Works, created by the city council. His contention is that the power of the council cannot thus be lawfully delegated to others. But we do not concur in this view. It was competent for the council to appoint agents to have the work done, and the action of the Board was in effect ratified by the council when the assessment was made and ordered to be collected.

To this effect is the case of *Hitchcock* v. *Galveston*, 96 U. S. 341. The court said: "If the city council had lawful authority to construct the sidewalks, involved in it was the right to direct the mayor and the chairman of the committee on streets and alleys to make a contract on behalf of the city for doing the work. We spend no time in vindicating this proposition. It is true, the council could not delegate all the power conferred upon it by the legislature, but like every other corporation, it could do its ministerial work by agents. * * There was, therefore, no unlawful delegation of power. But, if there had been, the contract was ratified by the council after it was made."

For the reasons, however, already stated, the plaintiff is entitled to an award of execution, and the judgment must be reversed.

JUDGMENT REVERSED.