# Wytheville.

## ASBERRY AND ANOTHER v. CITY OF ROANOKE.

### JUNE 27, 1895.

1. CITY STREETS—*Local Assessments—Personal Liability.*—An act of the General Assembly which empowers the council of a city to determine what portion, if any, of certain street improvements shall be paid by the owners of the real estate benefitted thereby, or bounding and abutting on said streets, and to assess the same by the front foot, and which declares that the assessment thus made shall constitute a *lien* on the property, "and shall also be a personal debt of the owner of the property," authorizes a system of taxation which, in so far as it makes such assessment the *personal debt* of the owner of the property, is not equal and uniform, and is in conflict with section 1, Article X of the Constitution of the State, and is therefore, in this respect, void.

Error to a judgment of the Circuit Court of the city of Roanoke, rendered May 19, 1894, in a proceeding by motion, wherein the defendant in error was the plaintiff, and the plaintiffs in error were the defendants.

*Reversed.*

The opinion states the case.

*Scott & Staples* and *Phlegar, Johnson & Berkley*, for the plaintiffs in error.

*W. A. Glasgow, Jr.*, for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This was a motion under the statute, in the court below, for a judgment against A. S. Asberry and J. W. Coon, plaintiffs in error here, for the sum of $101.75, being the amount assessed against them as owners of a lot of land situated on Campbell Avenue, in the city of Roanoke, on account of the costs of paving Campbell Avenue. Judgment was awarded the city of Roanoke in the trial court, for the amount claimed in the notice, and to this judgment a writ of error was awarded the defendants by this court.

As this action, as we have seen, was brought to recover a personal judgment against the defendants for the amount assessed against them or their property on Campbell Avenue, and not to enforce a lien on the property by virtue of the assessment, the sole question upon which the case is to be disposed of here is, whether or not section 7 of chapter 3 of the charter of Roanoke city, which authorizes the creation of a personal debt against the defendants for the amount assessed against them on account of the costs of paving Campbell Avenue in front of their property, and which lien or debt may, under said section of the charter, be enforced by a bill in chancery, suit, or motion, is a constitutional and valid act of legislation.

Section 7, chapter 3 of the charter of the city of Roanoke is as follows:

"Whenever any new street shall be laid out, or street paved or graded, culverts or sewers built, or any other public improvements whatsoever made, the council shall determine what portion, if any, of the expense thereof shall be paid out of the city treasury, and what portion, if any, by the owners of the real estate benefited thereby; and for whatever amount the council shall decide shall be paid by the owners of the real estate bounding and abutting on said street, or benefited by any such improvements, an assessment shall be levied by the council by the front foot bounding, or abutting, or benefited as

aforesaid, which said assessment shall be payable within ninety days from the date it is made, and shall be a lien upon the property upon which it is assessed from the date of such assessment, and shall also be a personal debt of the owner of the property, which lien and debt may be enfored by a bill in chancery, suit or motion."   *   *   *

The question of personal liability for local assessments is a new one in Virginia; in fact, it has been raised and discussed in but few of the States of the Union, and is considered as not well settled even in those States.    24 Amer. & Eng. Enc. of Law, 77.

It is argued by the learned counsel for the city of Roanoke that by inference to be drawn from the opinion of this court, by Lewis, P., in *Green* v. *Ward*, 82 Va. 324, the court has determined that, where the charter of a city plainly permits the assessments for local improvements to be made a personal charge upon the abutting lot owner, the authority to do so cannot be questioned; but we do not understand that such an inference can be rightly drawn from that decision.   The only language used by the learned Judge, in the opinion delivered in that case, tending to warrant this inference is: "In no case, therefore, can such an assessment be held a personal charge, except where plainly permitted by legislative authority and there is no such authority in the present case;" that is to say, that the charter of the city of Alexandria, under which the case then under consideration arose, did not confer the authority.   But just preceding the language of Lewis, P., quoted, he clearly indicates that such a provision in the charter would have met with little favor with the court, and would have been regarded as productive of hardship and injustice, and violative of the principle upon which local assessments are made.

It is furthermore argued in support of this provision of the charter of Roanoke, that the right conferred to enforce the

local assessments made in that city for improving the streets,
against the abutting lot owner, as a personal charge or debt,
is only an additional, convenient, or more expeditious remedy
for the collection of such assessments.   Can such a contention
be maintained, and is this the only effect of that provision in
the charter ?   We think not.   In our opinion, when the legis-
lative act authorizes the authorities of the city to create a
personal charge, or debt, against an abutting lot owner, for
the assessment levied upon his property for the entire cost of
improvements to the street in front thereof, the theory, and
the only theory, upon which the assessment can be upheld,
if at all, is abandoned, and the act at once authorizes a system
of taxation, for city or local purposes, that is unequal and
without uniformity, as required by Section 1, Article X, of
the Constitution of Virginia.   "These assessments are not
founded upon any idea of revenue, but upon the theory of
benefits conferred by such improvements upon the adjacent
lots."   *The City of Norfolk* v. *Ellis*, 26 Gratt. 227.   Strike
out the element of benefit and a special assessment loses its
foundation.   Elliott on Roads and Streets, 405.   So long as
the lot owner is the recipient of benefit to his property by
improvements to the streets, or otherwise, over and above the
general benefits to all property owners in the vicinity, the
theory of benefits may be considered as maintained, as he
bears no greater burden than other tax-payers similarly situ-
ated; but when an act of the legislature undertakes to confer
upon the authorities of a city power to place him in any
worse position, such an act must be held as unconstitutional
and inoperative.   Hares' Amer. Con. Law, 291.

"If there be a personal assessment, or the owner can be
made personally liable for the tax thus imposed, then we have
a remarkable result, that, for a tax which is imposed upon a
lot of land, upon the theory that its pecuniary value is in-
creased by the improvement, the lot may be sold, and if there,

is a deficiency, the owner may be required to pay it; or in other words, for the benefit conferred on the property, the property may be confiscated, and the owner, for the privilege of having it confiscated, may be required to pay a tax into the treasury of the city." Burroughs on Taxation, 475.

In the case of ordinary taxes, no sufficient reason exists why those on land should not be made a personal charge against the owner, if he is a resident and has the usual opportunity to be heard. The taxes are not so much assessed in respect to the particular land, as the value of the particular land is taken as the measure of the owner's duty to the State. He is not taxed in consideration of State protection to that particular item of property, but he is taxed for the general protection which the State affords to his life, his liberty, his family and social relations, his property and the various privileges the law grants to him. If the tax measured by the property should, in its enforcement, take from him more than that property is worth, it would not follow that the State had taken beyond the equivalent rendered. Indeed, the contrary would be almost certainly the fact. It is different in a case of an assessment made upon the basis of a benefit. Such an assessment regards nothing but the benefits to be conferred upon the particular estate. The levy is made on the supposition that that estate, having received the benefits of a public improvement, ought to relieve the public from the expense of making them. In such a case, if the owner can have his land taken from him for a supposed benefit to the land, which, if the land is sold for the tax, it is conclusively shown he has not received, and he then be held liable for the deficiency in the assessment, the injustice—not to say the tyranny—is manifest. But such a case is liable to occur if assessments are made a personal charge; and cases like it in principle, though less extreme in the injury they inflict, are certain to occur. Cooley on Taxation, 471, 472. It has,

Opinion.

however, been suggested in argument that no such results as are mentioned in the authorities quoted could follow in the case here, as the amount assessed against the plantiffs in error and sought to be collected in this action is but a small part of the value of the property assessed, not more than a month's rent; but it is not with reference to this case only that we are called upon to pass upon the constitutionality of the act in question; we must view it with reference to the practical results that may follow its enforcement.

Without, as before intimated, expressing any opinion as to the constitutionality of section 7, chapter 3, of the charter of Roanoke, in so far as it confers upon the council of said city the power to assess abutting lot owners by the front foot with the entire cost of paving or otherwise improving the street in front of the lots so assessed, we are of opinion that section 7, chapter 3, of the charter of Roanoke, in so far as it authorizes the creation of a personal debt or liability upon an abutting lot owner for assessments levied, to meet costs of street improvements, is in conflict with Section 1, Article X, of the Constitution of Virginia, and inoperative. Therefore, the judgment of the Circuit Court of Roanoke city against the plaintiffs in error must be reversed and annulled, and this court will enter such order in this cause as the Circuit Court should have entered dismissing the motion upon which this action was brought, with costs to the plaintiffs in error.

Reversed.