[No. 2699. Decided March 29, 1898.]

PIERCE COUNTY, WASHINGTON, AND STEPHEN JUDSON, *as Treasurer, Respondents,* v. E. C. MERRILL *et al., Defendants,* GEORGE L. ROSE, *Appellant.*

TAXATION — ACTION TO ENFORCE—WHEN ACCRUES—STATUTORY REMEDY.

The right of action for the collection of a tax does not accrue at the date the lien attaches, but from the date of delinquency.

An action will not lie for the collection of a tax on personal property, when the statute gives the treasurer the exclusive right to enforce the collection of the tax by distraint and sale of the property taxed

Courts of equity have no jurisdiction to collect taxes or to appoint a receiver for that purpose.

Appeal from Superior Court, Pierce County.—Hon. THOMAS CARROLL, Judge. Reversed.

*H. G. Rowland,* and *John W. Blake,* for appellant:

Where the legislature has provided a remedy for the collection of taxes on personal property, such remedy is exclusive, and no other means can be resorted to to coerce pay-

ment. *Richards v. County Commissioners*, 40 Neb. 45 (42 Am. St. Rep. 650); *People v. Biggins*, 96 Ill. 481; *Mason County v. Simpson*, 13 Wash. 250; Cooley, Taxation (2d ed.), 16. The remedy for the collection of taxes on personal property in this state is by distraint after the 1st day of December following the date of such delinquency, and no action for the collection of a tax on personal property can be maintained, unless especially given by statute. *State v. Baltimore & O. R. R. Co.*, 23 S. E. 677; *Andover Turnpike v. Gould*, 6 Mass. 40 (4 Am. Dec. 80); *City of Camden v. Allen*, 26 N. J. Law, 398; *Board of Commissioners v. First National Bank*, 30 Pac. 22; *City of Detroit v. Jepp*, 18 N. W. 217; *Richards v. Stogsdell*, 21 Ind. 74; *State v. Southwestern R. R. Co.*, 70 Ga. 11; *Montezuma V. W. S. Co. v. Bell*, 36 Pac. 1102.

*A. R. Titlow*, Prosecuting Attorney, for respondents:

A tax lien on personal property may be enforced by suit and is not confined to the statutory remedy. *City of Oakland v. Whipple*, 39 Cal. 112; *People v. Seymour*, 16 Cal. 332 (76 Am. Dec. 521); *City of Dubuque v. Illinois Central R. R. Co.*, 39 Iowa, 56; *Davenport v. Chicago, R. I. & P. R. R. Co.*, 38 Iowa, 633; *City of Burlington v. Burlington & M. R. Co.*, 41 Iowa, 134.

The opinion of the court was delivered by

REAVIS, J.—Suit in equity by respondents to restrain removal from the county of Pierce of certain personal property on which the county claimed a lien for taxes for the year 1896. Taxes for the years 1893, 1894 and 1895 are also due, for which taxes the county had a lien. The defendants were non-residents of the state and the defendant Rose was about to remove from the state goods on which the county claimed a lien for the taxes of the year 1896, be-

fore the same became due.  The court enjoined the removal of the goods and appointed a keeper or receiver to take charge of the same pending litigation or the further order of the court.  After the appointment of the receiver the defendant Rose paid the county treasurer the principal for the taxes of the year 1896, but no costs of the action. Respondents dismissed their claim for the taxes for the years 1893, 1894 and 1895.  The court ordered sufficient of the property sold to pay the costs incurred and entered judgment accordingly, adjudging costs against defendant, which judgment was carried into effect by the sale of sufficient of the goods to pay the costs.  From this judgment and decree defendant Rose appeals.  The defendant Rose, on his first appearance in court, filed a demurrer to the complaint assigning that it appeared upon the face of the complaint that the court had no jurisdiction of the person of the defendant or the cause of action and that the complaint does not state facts sufficient to constitute a cause of action against the defendant Rose.   The demurrer was overruled and Rose filed his answer.  Upon the trial the findings of fact filed in the superior court which are material to the consideration of the cause here were that the defendant Rose was during the entire year of 1896 the owner of personal property situated in Pierce county and that the board of county commissioners duly levied a tax upon all the assessed value of property within the county and that the taxes were duly assessed and carried on the assessment rolls; there was assessed against defendant for taxes in the year 1896 the sum of $18;  that at the time of the commencement of the action defendant Rose was about to remove the goods on which the taxes were levied from their then location and take them out of the state, and that the defendant Rose was a non-resident of the state;  that after the commencement of the action defendant Rose paid

the taxes for the year 1896, amounting to $18, but refused to pay the costs of the action. No exceptions were taken to the findings of fact. The suit was commenced on the first day of March, 1897. Taxes for the year 1896 did not become delinquent until the thirty-first of May, 1897. They became a lien on the personal property on the first day of January, 1897. Laws 1895, p. 513, § 14; p. 520, § 21. The right to demand payment and to enforce the collection of taxes accrued after the first day of December, 1897. Laws 1895, p. 514, § 15. The language of the statute (§ 14) is:

" All taxes made payable by the provisions of this act shall be due and payable to the treasurer as aforesaid, on or before the thirty-first day of May in each year."

In *Seattle v. O'Connell*, 16 Wash. 625 (48 Pac. 412), it was held by this court, quoting Wood on Limitations, § 164, that

" Where an assessment or tax is laid, and, by ordinance or statute, a certain time is fixed within which it may be paid, the person against whom it is laid has the whole of such period within which to pay it.' "

Hence the right of action does not accrue at the date the lien attaches, but from the date of delinquency. The act of the legislature before mentioned pointed out the method for the collection of taxes on personal property. It gives the treasurer the exclusive right to enforce the collection of personal property tax by distraint and sale of the property taxed. It seems to be the general rule that an action will not lie for the collection of a tax on personal property unless expressly given by statute. It also seems to be the rule that courts of equity have no jurisdiction to collect taxes or to appoint a receiver for that purpose. *Thompson v. Allen County*, 115 U. S. 550 (6 Sup. Ct. 140); High, Receivers (2d ed.), § 403 a; *People v. Biggins*, 96 Ill. 481; *Board of Com'rs v. First National Bank*, 48 Kan. 561

(30 Pac. 22). Under the act in question no personal judgment could be rendered for the collection of the tax. 25 Am. & Eng. Enc. Law (1st ed.), p. 317. We do not think the complaint states facts sufficient to constitute a cause of action.

The judgment of the superior court is reversed for further proceedings in conformity to this opinion.

ANDERS and GORDON, JJ., concur.

DUNBAR, J., dissents.