## CITY OF BROOKINGS v. NATWICK.

Sp. Acts 1883 (Laws 1883, p. —, c. —), incorporating the city of Brookings, in section 35 authorizes certain proceedings by the city council to cause new sidewalks to be built by owners of property within the city limits, and provides that, in case an owner neglects to build, the improvement may be made at his expense; that the city council may levy a special assessment on the land and proceed to collect the same either by a city treasurer's sale of the property in the usual manner or by suit, and that no property shall be exempt from execution for the collection of the judgment and costs in such cases. **Held,** that the provision is unconstitutional in so far as the special assessment for sidewalks against abutting property is made the personal obligation of the owner regardless of any consideration of benefits, damages, or exemptions, as violating the constitutional guaranty against the taking of private property for public use without just compensation.

The provision is also invalid as depriving the owner of his property without due process of law.

(Opinion filed, July 22, 1908.)

Appeal from Circuit Court, Brookings County. Hon. GEORGE H. MARQUIS, Judge.

Action by the city of Brookings against L. M. Natwick. Judgment for plaintiff, and defendant appeals. Reversed, with directions that the action be dismissed.

*Bailey & Voorhees,* for appellant. *G. A. Mathews,* for respondent.

FULLER, J. At the trial of this action against the owner of abutting property to recover the amount expended in the construction of cement sidewalks in the city of Brookings a general demurrer was overruled, and the judgment appealed from entered for the full amount claimed, which with costs and disbursements amounts to $707.81. Section 35 of the special act of 1883 to incorporate the city of Brookings authorizes certain proceedings by the city council to cause new sidewalks to be built by owners of property within the city limits. In case an owner refuses or neglects to build as required and within the time specified by the published resolution, such improvement may be made at his expense by the street commissioner, and the city council is given power to levy and enter a special assessment upon each abutting lot or parcel of land and proceed to collect the same, either by a city treasurer's

sale of the property in the usual manner or "by suit in any court having competent jurisdiction in civil cases. And no property shall be exempt from execution for the collection of the judgment and costs in such cases."

It is the contention of counsel for appellant that the act is unconstitutional so far as it relates to the enforcement of a personal liability by suit against the abutting owner, and subjects all his real and personal property, wherever situated, to execution in satisfaction of any judgment that may be obtained. As considerations of public convenience usually suggest the necessity of building sidewalks, the special assessment for the entire expenditure laid on abutting property is justified only upon the theory that such property is thereby especially benefited. There being no contract or promise express or implied, the obligation of the owner is not in the nature of a debt that would have been recoverable by a common-law action of assumpsit. That a special assessment is greater than the special benefit conferred may or may not be a valid objection to its enforcement by a sale of the abutting property, but when it exceeds the value of such delinquent property after the local improvement has been completed, the subjection of all other property the owner may possess to execution in satisfaction of a judgment for such assessment is wholly inconsistent with the supposition that he is receiving a special benefit. Mr. Elliott, in his treatise on the law of Roads and Streets at page 400, says: "It is not easy to perceive how the assessment can extend beyond the property against which it is directed, since the sole foundation of the right to direct and enforce the assessment rests upon the theory that the land receives a benefit equal to the assessment. If the land with the superadded value given it by the improvement, will not pay the assessment, there is no constitutional warrant for the right to seek payment of the assessment elsewhere, for the land is all that the improvement can by any possibility benefit, and land that is not benefited cannot be seized without violating the principle which forbids the taking of property without compensation, nor without breaking down the only theory upon which it is possible to sustain local assessments, and yet, if there is a personal liability, the assessment may be enforced, although the land, even

as enhanced in value by the improvement, may not be worth a tithe of the expense of making the improvement. The power of making special assessments is at best a dangerous one to intrust to municipalities. It is one, too, that is deduced by a process that it requires no little argument to defend, and it ought not to be so extended as to put in peril, not only the land theoretically benefited, but all the other property of which its owner may be possessed. The decisions which declare the statutes imposing a personal liability upon the land owner unconstitutional are in our judgment so strongly entrenched in principle that they cannot be shaken." To the same effect are the following authorities: 2 Cooley on Taxation (3d Ed.) pp. 1289-1290, inclusive; Village of Norwood v. Baker, 172 U. S. 269, 19 Sup. Ct. 187, 43 L. Ed. 443; Hoover v. People, 171 Ill. 182, 49 N. E. 367; Taylor v. Palmer, 31 Cal. 241; City of Seattle v. Yesler, 1 Wash. 571; City of St. Louis v. Allen, 53 Mo. 44; Asberry v. City of Roanoke, 91 Va. 562, 22 S. E. 360, 42 L. R. A. 636.

Viewed with reference to practical results, the provision under consideration is unconstitutional in so far as the special assessment against abutting property for a local improvement is made the personal obligation of the owner recoverable by an action, regardless of any consideration of benefits, damages, exemptions, or the guaranty against the taking of private property for public use without just compensation or due process of law.

The judgment appealed from is reversed, with the direction that the action be dismissed.