[No. 8365. Department Two. January 18, 1910.]

JAMES T. CLIZER, *Respondent*, v. PHILLIP KRAUSS *et al.*, *Appellants*.[1]

VENDOR AND PURCHASER—CONTRACTS—FORFEITURE—NOTICE. A contract for the sale of land, in which time is of the essence, providing that the same shall be void if the vendee fails to make payments when due, cannot be rescinded by the vendor for default in a payment where, before notice of forfeiture was given, the vendee tendered more than the amount then due on the contract.

VENDOR AND PURCHASER—CONTRACT—FORFEITURE. The failure of a vendee to pay taxes and assessments upon the land is not ground for rescission by the vendor and forfeiture of the contract, in the absence of a statute making the tax the personal obligation of the vendor.

TAXATION—REAL PROPERTY—COLLECTION—PERSONAL LIABILITY. In this state, the owner is not personally liable for taxes assessed against his real property; the statutory method of enforcing the same as a lien being exclusive.

MUNICIPAL CORPORATIONS—LOCAL ASSESSMENTS—PERSONAL LIABILITY. The owner is not personally liable for local improvement assessments upon his real property.

VENDOR AND PURCHASER—SPECIFIC PERFORMANCE—TENDER—SUFFICIENCY. A tender of the amount due on a contract for the sale of land, in order to entitle the vendee to maintain an action for specific performance, need not include the amount due for taxes and assessments on the land agreed to be paid by the vendee, although the contract calls for a warranty deed; since the vendor is not liable for the same.

Appeal from a judgment of the superior court for Spokane county, Carey, J., entered April 30, 1909, upon findings in favor of the plaintiff, in an action for specific performance. Affirmed.

*L. H. Prather*, for appellants.

*M. C. King*, for respondent.

PARKER, J.—This is a suit for specific performance of a contract to purchase real property, prosecuted by the plain-

[1]Reported in 106 Pac. 145.

tiff, as assignee of the purchasers, against the owners, who are resisting the suit upon the ground that the rights of the purchasers and their assignee have been forfeited under the terms of the contract because of default in payment of installments of purchase price, as therein provided. A trial before the court resulted in a decree favorable to plaintiff, from which the defendants have appealed.

On July 17, 1907, the appellants, being the owners of the real property involved, entered into a written contract with Karl and Christian Grunich for the sale thereof to them for the agreed price of $2,252, payable, $400 cash; $100 January 1, 1908; $200 October 1, 1908; and the balance October 1, 1909; with privilege of paying additional sums not less than $100 at any time, and unpaid sums to draw interest at eight per cent per annum. It was also provided in the contract that the purchaser should pay all taxes and assessments imposed on the premises after the date of the contract, and further provided:

"It is expressly agreed that time is the essence of this contract, and in case of default by the parties of the second part, their heirs or assigns in any of the conditions above stipulated to be performed by them, then and in that case this contract shall become void and the parties of the second part shall have forfeited their rights hereunder, and any payments that shall have been made shall become forfeited to the parties of the first part, which payments it is specifically agreed, shall in that case be deemed as damages hereby liquidated for the nonperformance of this contract by said second parties."

The cash payment of $400 was made at the time of executing the contract, $67.87 was paid on January 7, 1908, and $100 was paid on May 28, 1908, no other payments having been accepted by appellants. On November 9, 1908, the purchasers assigned all their interest in the contract of purchase and the land therein described to the respondent. On November 10, 1908, the respondent, as assignee, tendered to appellants $831 to apply upon the purchase price, which

was refused; and on November 30, 1908, deposited that sum with the clerk of the court, at the same time filing his original complaint in this action, in which he alleged a tender of a note and mortgage for the balance due in addition to said $831, and prayed for specific performance.

On December 5, 1908, the allegation of the complaint as to the tendering of the note and mortgage was, on motion, stricken from the complaint; and thereafter, on December 10, 1908, respondent tendered to appellants the sum of $1,055 in addition to the $831 tendered and deposited with the clerk of the court, claiming these tenders amounted to the entire balance due upon the purchase price; and on December 19, 1908, filed his amended complaint after service thereof on appellants, alleging tender of the full amount due upon the contract to entitle him to a conveyance in pursuance of its terms. On March 2, 1909, before trial, respondent deposited with the clerk of the court the sum of $1,055 which had been tendered, and on March 6, 1909, as a further tender, he deposited with the clerk of the court the additional sum of $10.

It will be noticed the tendering and depositing of these sums all occurred before October 1, 1909, which was the date for the payment of the next and final installment after that of October 1, 1908. The appellants refused all these tenders, answered the amended complaint upon the merits, and have at all times resisted respondent's prayer for specific performance, as we have stated, upon the ground that the rights of the purchasers and their assignee have been forfeited because of default in payments under the contract. The foregoing facts are either admitted or so conclusively shown by the record as to be beyond controversy, and, in so far as they are drawn from the findings, we do not deem it worth while to notice the exceptions thereto. The court found that there was $14 tendered in excess of the amount necessary to entitle appellants to a deed under the contract. This find-

ing was excepted to, but it appears to be fully sustained by the evidence and we therefore adopt it as true.

It will be noticed that the $200 installment payable October 1, 1908, was not paid when due, nor was any payment thereafter tendered until November 10th, when $831 was tendered. This is the default which it is contended resulted in the purchasers and their assignee, the respondent, forfeiting their rights under the contract. Upon this question the court found, in substance, that appellants promised to go to the office of Mr. King on Monday, November 9th, and accept the $831 to apply on the contract, which was to be there ready for them, and which was $500 more than was then due on the contract; that they failed to go to the office of Mr. King, as agreed, to accept the tender; and on the following day November 10th, at the home of appellants, the tender of $831 was made, when it was refused, and that no notice of declaration of forfeiture was given by defendants. We construe this last to mean that no notice of forfeiture had been given before that tender, though it appears to have been then refused because a forfeiture was then claimed. The evidence is in serious conflict upon the question of when the appellants first attempted to declare a forfeiture by reason of the default in the payment of the October installment. We do not feel called upon to review the evidence here in detail. It is sufficient to say that there is ample evidence to support the court's findings, and we are not disposed to regard the facts differently in view of the learned trial court's opportunity to see and hear the witnesses upon whose testimony the finding is based. This leads to the conclusion that, since the $831 tender was more than the amount due upon the contract at that time, and there being no previous declaration of forfeiture, the rights of the respondent under the contract were not lost. *Zeimantz v. Blake*, 39 Wash. 6, 80 Pac. 822.

It is contended by learned counsel for appellants that, since the complaint does not allege that the taxes and assessments against the property have been paid, and there being no

proof of such fact, therefore the terms of the contract have not been complied with and respondent is not entitled to a deed. There might be some force in this contention if such taxes and assessments charged against the land became a personal obligation against the owner. Our attention has not been called to any authorities indicating that general real property taxes in this state become a personal liability against the owner. Section 83 of the general revenue law, 1897, as amended by chapter 59, p. 74, § 3, Laws 1903 (Rem. & Bal. Code, § 9235), provides that, "Taxes assessed upon real property shall be a lien thereon. . . . ."

There appears to be no statutory method for the enforcement of the collection of taxes upon real property other than by foreclosing the lien thereon in the manner provided by the general revenue laws. This court has heretofore recognized the general rule that when the statute provides an ample and specific method of enforcing collection of taxes, such method is exclusive. *Pierce County v. Merrill,* 19 Wash. 175, 52 Pac. 854; 27 Am. & Eng. Ency. Law (2d ed.), 783; 1 Cooley, Taxation (3d ed.), 17. We think it clear that, under our system of taxation of real property, there is no personal liability against the owner for taxes charged against such property. The word "assessments" in the contract evidently means local assessments, and it was decided in the early case of *Seattle v. Yesler,* 1 Wash. Ter. 572, that such assessments were not a personal charge against the owner of the property, even though the legislature had attempted to make them such. *Asberry v. Roanoke,* 91 Va. 562, 22 S. E. 360, 42 L. R. A. 636; Hamilton, Special Assessments, § 668.

Since we conclude that neither the taxes nor assessments to be paid by the purchasers are a personal charge against the appellants, it is not material to their rights whether such taxes and assessments are paid or not when the respondent has tendered all that is due them and demanded a deed. Such provision in the contract we think has no more force than if it read that the purchaser assumes the burden of such taxes

and assessments rather than using such words as literally construed might mean something more. It is true the contract apparently provides for the giving of a warranty deed, but we do not think it means the appellants are required to give a deed warranting against taxes and assessments accruing after the date of the contract, nor do we construe the decree of the court. as imposing upon them any such requirement. Other errors discussed we do not deem of sufficient importance to require our review of them. The decree of the superior court is affirmed.

RUDKIN, C. J., DUNBAR, CROW, and MOUNT, JJ., concur.