[S. F. No. 1226.   Department Two.—July 30, 1900.]

WARREN & MALLEY, Respondent, v. JAY E. RUSSELL et al., Appellants.

STREET ASSESSMENT—PRIMA FACIE CASE—RECORD UPON APPEAL—AFFI-
DAVITS.—Where there is nothing in the record upon appeal from a judgment enforcing a street assessment to overcome the *prima facie* case made by the introduction of the assessment, warrant, and accompanying documents, the judgment must be affirmed. Affidavits printed in the transcript which form no part of the record cannot be considered.

ID.—FIXING OF GRADE—OUTSIDE CROSSING—CHANGE OF GRADE NOT AP-
PARENT.—The fact that the grade had not been fixed at a crossing
outside of the work ordered to be done cannot affect the case;
and where it does not appear that the official grade of the work
ordered to be done had been fixed prior to the time mentioned
in the complaint, no question arises as to a change of grade
without a petition of the majority of those owning the land on
the street.

ID.—PROTEST NOT MADE IN TIME—JURISDICTION.—A protest not asserted
within the ten days prescribed by the street law is of no con-
sequence, and gives no jurisdiction to the board of supervisors
to act thereupon.

ID.—NOTICE OF RESOLUTION BY STREET SUPERINTENDENT—OBSCURITIES—
INSUFFICIENT RECORD UPON APPEAL—RESOLUTION NOT IDENTIFIED.—
Obscurities in a printed notice of resolution given by the street
superintendent are not material if not evidently misleading; and
where the resolution of intention involved in the case is not set
forth in the record upon appeal, it does not appear that the ob-
scure notice had reference to the resolution of intention under
which the work was ordered.

ID.—ASSIGNABILITY OF CONTRACT—LIEN OF ASSIGNEE.—The original con-
tractors may assign the contract to others, who may do the
work, and the lien follows the completion of the work by the
assignee.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a new
trial.    J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

J. E. Russell, for Appellants.

J. C. Bates, for Respondent.

McFARLAND, J.—Action to enforce a street assessment for
grading Greenwich street from Polk to Franklin street.   Judg-
ment went for plaintiffs, from which and from an order deny-
ing a new trial the defendant appeals.

We see nothing in the record to overcome the *prima facie*
case made by respondent by the introduction of the assessment,
warrant, and accompanying documents.   There are some affi-
davits printed in the transcript which form no part of the
record.

The contention of appellants that the grade had not been
fixed at the crossing of Polk and Greenwich streets because

there were a few feet of private land there, even if true, does not affect this case, because that crossing is outside of the work ordered to be done. The work ordered to be done in this case was "between Polk and Franklin streets."

It does not appear that the official grade of Greenwich street between Polk and Franklin had been fixed prior to May, 1894, the time mentioned in the complaint; therefore, there is no question here about a change of grade without a petition of a majority of those owning the land on the street.

The protest asserted by appellants was not within the ten days prescribed by the street law (Stats. 1891, sec. 3, p. 197); therefore it was of no consequence, and gave no jurisdiction in the premises to the board of supervisors.

Appellants object to the sufficiency of a certain notice given by the superintendent of streets that a resolution of intention had been passed by the board of supervisors. The objection is that the figures designating a certain day of April were so obscurely printed that it cannot be determined what they are, and that the last figure of the year is also too faint to be seen. We hardly think that the said obscurities in the printed notice would mislead anyone; but the resolution of intention involved in this case is not set forth in the record, and it does not appear that the said published notice had reference to the resolution of intention under which the work was ordered.

There is nothing in the point that a lien for street work is not assignable. In this case the original contractors assigned the contract to the respondent, who did the work. The street law contemplates the assignment of the contract, and the lien follows the completion of the work by the assignee. We see no other points necessary to be noticed.

The judgment and order appealed from are affirmed.

Temple, J., and Henshaw, J., concurred.

Hearing in Bank denied.