# CHARLESTON

## McGinnis v. Caldwell.

Submitted September 14, 1910.    Decided November 26, 1912.

1. EJECTMENT—*Equitable Defenses—Unconfirmed Judicial Sale.*
    An equitable title to land acquired by a purchaser under a judicial sale not confirmed, will not avail its owner as a defence against an action of ejectment by the owners of the legal title vested in them until confirmation cf sale.    (p. 378).

2. SAME.
    A deed to a purchaser made by the special commissioner appointed to sell at a judicial sale before confirmation, is not valid as a defence to the purchaser against an action of ejectment by the owners of the legal title to the land sold under the decree.    (p. 378).

3. EQUITY—*Review—Jurisdiction.*
    Where land has been sold under a decree, and the sale not reported by the commissioner making it, and not confirmed, and an unauthorized deed for the land is made by the commissioner to the purchaser, and the cause is dropped from the docket many years, but not dismissed, equity has jurisdiction of a suit to reinstate the first suit and to direct the conveyance of the land sold, or confirm the sale and the deed already made, on the force of that deed treating it as a report and evidence of the sale. Equity jurisdiction is not denied by the fact that

such deed may be a defence as color of title in such action. The party is entitled to have legal title.   (p. 378).

4.   JUDICIAL SALES—*Conveyance of Land—Effect.*

A deed of land sold by a commissioner as under a decree is *prima facie* evidence of the authority of the commissioner to convey, and if duly recorded, after ten years from its recordation, is *prima facie* evidence that the title of all persons which the deed professes to convey did in fact pass by such deed. Ch. 76, Acts of 1907.   (p. 379).

5.   SAME—*Execution of Decree.*

The fact that very many years have passed since a sale of land under decree, the sale not reported to or confirmed by the court, will not debar the purchaser, on the principle of laches, from having the court execute its decree by conveyance of the land, though the case has been many years omitted from the court docket, no order of dismissal or discontinuance having been made.   (p. 380).

Appeal from Circuit Court, Ritchie County.

Bill in equity by Benjamin McGinnis against John Caldwell and others.   From a decree for plaintiff, defendants appeal.

*Affirmed.*

*Robinson & Prunty,* for appellants.

*Adams & Cooper,* for appellee.

BRANNON, PRESIDENT:

In 1858 Robert Caldwell died owning a tract of land, and Patrich Murray as a creditor brought a chancery suit against Caldwell's heirs to sell the land to pay Caldwell's debts.   Out of this land 57¼ acres was by decree assigned to Caldwell's widow as dower, and the balance was subjected to sale by decree in the year 1860 to pay various debts against Caldwell, and it was sold and the sale confirmed to A. S. Core.   As the part sold did not realize a sum sufficient to discharge the debts, a decree was made in the year 1860, subjecting to sale the reversion after the termination of the dower estate in the tract of 57¼ acres.   The records of the circuit court show no report of the sale by the commissioner, Smith C. Hall, who was appointed to make the sale, and no confirmation or other action of the court upon any sale of this tract.   No mention of its sale is made by such records.   The order books disclose no sale of it, and the

file of papers of the case does not do so. The case last appeared on the court docket in March, 1865. By deed dated 29th of August, 1864, Hall as special commissioner conveyed to Core the two tracts, reciting in it that under a décree at the fall term, 1860, of the court he had sold, on the 4th day of October, 1860, the said tract of 57¼ acres to Core, the same purchaser who had purchased the tract first sold. Both tracts came to the ownership of Benjamin McGinnis from Core. The widow of Caldwell made a deed of trust to secure a debt, and her dower was sold under that deed, and derivatably this dower estate came to the ownership of McGinnis. Possession actual has been held under such purchases by McGinnis and those under whom he derived title. The dower right expired in 1905. In June, 1906, the heirs of Caldwell brought ejectment against McGinnis to recover the tract of 57¼ acres, and in 1908 McGinnis brought against the Caldwell heirs the chancery suit before us. It is a suit to enjoin the prosecution of the action of ejectment and obtain the legal title to the 57¼ acres. The bill alleges that under the decree for its sale the 57¼ acres was sold by Hall, commissioner, and purchased by Core on the 4th of October, 1860; that the plaintiff cannot say whether or not the sale of the 57¼ acres was reported to the court or whether a decree confirming it was pronounced; but alleges that the sale commissioner executed to McGinnis a deed reciting the sale to him of the 57¼ acre tract and payment of purchase money. The bill alleges that no report of sale or decree of confirmation can be found. It alleges that the commissioner, the judge and clerk of the court participating in the transactions, as indeed all who had any connection with them have died, and that it is impossible to procure testimony to establish the facts. The bill asked that an injunction be granted against the prosecution of the ejectment; that if necessary for the protection of the right of McGinnis the old chancery case of Murray against the estate of Caldwell be reinstated on the court docket, and a special commissioner be appointed to report the sale of the 57¼ acres, and that it be confirmed, and such commissioner be directed to convey to McGinnis the legal title, and for general relief. The decree rendered reinstated the case of Murray upon the court docket, and decreed that the 57¼ acres had been sold under

decree to Core, and that no report of sale or decree of confirmation had been made, and that the deed made the 29th day of August, 1864, by Hall as special commissioner, recorded the day of its date, be ratified and confirmed, and that the sale be confirmed, and that said deed be held firm and stable as if a decree had been entered authorizing Hall as commissioner to make such deed. From this decree heirs of Caldwell appeal.

The first point in the case arises from the contention by counsel for the appellants that there is no jurisdiction in equity, because the defendant has full defence at law. The bill says that Core purchased at the judicial sale, but there was no confirmation by the court of that sale. It is well settled that a purchase at a court sale of land gives the purchaser only equitable title, and he does not get full legal title until the court confirms his purchase. Therefore, Core had only equitable title, it is only such title for want of confirmation of sale. The law is that the common law knows not equitable title, but only legal title to lands. Hence, McGinnis could not use this equitable title in defence of the action of ejectment, it being well established that a legal title would overcome an equitable title. The heirs of Caldwell having legal title would prevail in that action. *Depue* v. *Miller,* 65 W. Va. 120; *Harris* v. *Harris,* 6 Munf. 658; *Suttle* v. *Railway Co.,* 76 Va. 284. True, at present there is one exception to this rule because of a statute allowing a purchaser of an equitable title to defend ejectment upon such title; but that is where a vendor sells by written contract. That applies only in case of an executory contract between individuals and that statute would not apply in this case. Code of 1906, ch. 90, sec. 20. We cannot say that McGinnis can defend the ejectment on the strength of this deed made by Hall as commissioner to Core, because that deed not resting on a decree of confirmation authorizing the execution of such deed, the deed will not be admissible as conferring legal title, though it will be color of title. *Despard* v. *Pearcy,* 65 W. Va. 140. So if, in fact, Core did purchase this land under the decree of sale he would be entitled to a conveyance under the sale, so as to give him in a court of law a title efficacious for offense or defence. This end might be accomplished by a motion for a deed in the old chancery suit of Murray, but there was no report of sale on

which to base such a proceeding, and the case had been off the docket for many years and must be reinstated. And it does seem to me that McGinnis has standing in court to reinstate that old case and to repair the loss of the sale report and decree of confirmation, if there was a loss, or if not, then to set up the facts and have equity to decree and effectuate his rights so as to give him by record full legal title. It seems that the adverse parties would have right to be heard. It seems that a court of equity would be the only adequate remedy. An original head of equity jurisdiction is that of repairing rights lost or impaired by accident.

Chapter 76, Acts of 1907, changes the rule of *Despard* v. *Pearcy*, 65 W. Va. 140, and *Hagan* v. *Holderby*, 62 W. Va. 106, that a deed under a court sale is not evidence of title, unless accompanied by a decree authorizing the deed. It says that such a deed shall raise a presumption that it was made by authority. It may be thought that this act would make that deed good to pass legal title in the trial of the ejectment or in any case, and thus deny jurisdiction for this case in equity. But reflect that the act only raised the presumption "in the absence of evidence to the contrary;" and we answer the argument by saying that we have before us, in this case, evidence to the contrary, since no decree of authority appears of record, and what a court does must appear by record, or it does not exist; and on trial of ejectment it would so appear, and this would deny the deed force to pass legal title. And other evidence might appear showing there was no confirmation or authority to convey, and McGinnis cannot be required to run this hazard.

It is said that the deed of Hall, commissioner, though inadequate to pass legal title is yet color of title and may be used in defence of the ejectment, and thus render unnecessary the exercise of equity jurisdiction. In response to this we say it appears that the widow's dower only ended in 1905, and that the statute did not run against the heirs until then, and thus adverse possession might not be a full defence. Anyhow, if so, McGinnis is entitled to go before the court in the ejectment with legal title and not have to depend on adversary possession. We do not consider that the question of adversary possession further

than reference to possession calls for, is before us. That is for the trial in ejectment.

The real question of this case is, Did Core purchase this land under the decree of sale? If he did, we think he has the right to have his inchoate title perfected by the court under whose decree his right arose. What other court could give him that title? It had the title in its keeping, and he had right to apply to it by bill giving a day in court to adverse parties and having them estoped by decree as *res judicata*. Shall we say that the right to have this equitable title perfected is lost by the slumber of the former suit off the docket without an order therein for 43 years? There is a rule that not only must a suit in equity be brought within reasonable time where no statute of limitation prevails, but after institution it must be prosecuted with reasonable diligence. *Crawford* v. *Patterson*, 11 Grat. 374; *Mayo* v. *Carington*, 19 Grat. 74; *Willard* v. *Wood*, 164 U. S. 502. But we hold that that doctrine has no application in an instance like this, it being a case where a party has acquired a property right by purchase at a court sale not perfected by confirmation, the title remaining in the keeping of the court. A court of equity would be slow to deprive such purchaser of his right after it had vested under its own decree and the rights of the parties as to liability of the land had been ended. The suit remains no longer for prosecution; but only in court for the confirmation of the purchaser's right. Long before this transaction had birth there was, there is yet, a statute found in the Code of 1906, ch. 114, sec. 12, providing that all causes upon the docket of any court stand continued in the court without order of continuance. This statute was passed to prevent the loss of undetermined cases from lapse or absence from the docket. Then there is another statute, Code of 1906, ch. 127, sec. 8, giving courts power to strike from the docket and discontinue any case wherein for four years there has been no step of procedure but a continuance; but this statute does not operate to discontinue the case without an express order of dismissal. *Buster* v. *Holland*, 27 W. Va. 510. I do not see that the cause of Murray when we look at these statutes, and the nature of the case, would prevent any action of the court in that case, when evoked by a bill to execute its own decree, only to carry into

execution its own decree by transferring the title which it had sold.

Then as stated above the final question is, Did Core purchase this land under a court sale? In the long lapse of years the judge, the clerk, the special commissioner, Core and all others who might be supposed to have participated in the transaction, or to know anything about it, have passed away. This fact is additional reason for the intervention of equity. Answering this question we say there is no report of this sale. We know by court record that there was a decree fixing an indebtedness on Caldwell's land. We know that a sale of a part of the land was made and confirmed and it did not pay the indebtedness, and we know further by such record that the court then directed the sale of the reversion in the 57¼ acres. This renders it highly probable that commissioner Hall would sell this reversion. There is the deed on record since 1864 reciting that he did so sell to Core, and convey the land to him under that sale. It is true his deed does not recite the fact of a decree of confirmation; but if it states the truth that, in fact, there was a sale, the omission or the absence of a report of sale and decree of confirmation calls all the more for the action of the court to mend or perfect the title under that sale. The court is only called upon to do what it should have done. We think that the court could treat that deed as a report of sale. In connection with the former decree it contains all the facts essential to manifest Core's right.

It is said that the bill has no allegation that the deed of Hall, commissioner, should be treated as a report of sale. If the law so considers it, there is no need of an allegation of law. It is said there is no allegation that Hall had power to convey. Under our view such an allegation is not demanded. We do not go upon his having powers; we do not say his act passed title. We say that the deed shows, as a report of sale would, the fact of sale and payment of purchase money, and thus may be treated by the court as a report of sale. It is also said that whereas the bill asked the appointment of a commissioner to report the sale, and a decree of confirmation, and a decree for a deed, the decree disregards these prayers, and at once confirms the sale and deed. The court might have appointed a

commissioner to report the sale; but why could it not, on the facts and prayer for general relief, accomplish the same by treating the deed as a report of sale, and confirming deed and sale already made? *Evans* v. *Spargeor*, 6 Grat. 107. Objection is made that the Court did not leave open right to defendants to file exceptions to the sale or offer an upset bid. We see none offered. If it would not be error to confirm a sale on a new report, why is it error to confirm the deed? It is said, and we admit, that a deed by a commissioner without authority passes no title. That is not the question here. The question is can the court confirm that deed, and make it equivalent to a deed authorized from the first.

We admit that a deed made by a commissioner without authority is not evidence of the facts recited therein, as a general rule. *Wagner* v. *Wolfe*, 28 W. Va. 820. But as a commissioner making a sale is required to report facts to the court, may we not treat his unauthorized deed as evidence of those facts which he would be authorized and required to state in his report to the court? We give this deed effect, not to pass title, but as evidence, after the lapse of more than 40 years, of the facts touching the sale. All the parties being dead it is a matter of necessity, and we think the court ought to receive that deed as evidence to prove the fact of sale. If the commissioner had filed a report, its statements touching the sale would be *prima facie* taken for true, and we do not see why the same effect should not be accorded this deed. *Laidley* v. *Jasper*, 49 W. Va. 526. Especially after the passage of 45 years. Courts are justly liberal as to the effect and admissibility of evidence after great stretch of time and death of actors in a transaction. Possession was held under these sales so long. True, this possession is to be ascribed to McGinnis' right under the dower. Still, the fact remains that no question was raised in all this time until the ejectment in 1906. They did not sue to cancel the deed, but slept for years and years.

We affirm the decree.

*Affirmed.*