PATTILLO CAMPBELL, *Appellant* v. LEE DANIEL, *Appellee*.

Opinion Filed November 17, 1914.

1. A municipality may enforce a lien against an abutting owner for sidewalks, even though it had the work done by a non-registered foreign corporation.

2. Where the bill of complaint shows that a contract was fully performed on August 1, 1911, a plea denying that a permit to the contractor, a foreign corporation, had been granted during the years 1910 and 1911, when the contract was to be performed, does not deny that a permit had not been granted on December 18, 1911.

Appeal from Circuit Court for Escambia County; J. Emmet Wolfe, Judge.

Order affirmed.

## STATEMENT.

The bill of complaint herein is as follows:

"Lee Daniell, a citizen and resident of Escambia County, Florida, brings this, his bill of complaint, against Pattillo Campbell, a citizen and resident of Escambia County, Florida, and thereupon your orator complaining, says:

That the City of Pensacola, in said county of Escambia, has established grades for, and provided for the grading, construction and repair of sidewalks, and of materials of which same should be construed, and prior to the work done by W. W. Hatch & Sons Co., as hereinafter stated, had required by its ordinances, the owners of lots in said city, including the defendant Pattillo Campbell, to construct sidewalks in front of, or around their said lots, in said city; that the following described property, to-wit: Lots Three (3) to Ten (10) inclusive in Block One Hundred and eighty-eight (188), New City Tract in the City of Pensacola, Escambia County, Florida, is and was located within the limits prescribed for the building of said sidewalks, and said property is, and was owned by the defendant, Pattillo Campbell; that said city, through its Board of Public Works, with the approval of

the City Council, had, after advertisement according to law, let to the said W. W. Hatch & Sons Co. a contract for the construction of said sidewalks in said city, during the years 1910 and 1911, at such place and times as might be directed by the city, or its constituted authorities, and that the said W. W. Hatch & Sons Co., during said years was engaged in constructing in said city, wherever and whenever so directed. That defendant, Pattillo Campbell, was duly required to construct a sidewalk upon the grade established by the city, in front of or along side of said lots, in pursuance of laws of the State of Florida, and ordinances of said city. That the said defendant failed and refused to comply with said requirements, and did not proceed to construct said sidewalk, as required by the Laws and Ordinances of said city, and after the time expired within which he was required to construct the same, the said defendant having failed to construct, or begin the construction of the same, the said company was directed by the proper authorities of said city, to construct the necessary sidewalk, and to do the necessary grading, under the terms of its said contract with the city, which instructions to the said company were given long after the expiration of the time within which the said defendant was authorized, under the laws and ordinances of the city, to construct or begin the construction of the same; that thereupon, in said year, A. D. 1911, said company did grade and construct a sidewalk alongside the said lot, in accordance with the ordinances of the said city and with its said contract, and the price of such work, and materials furnished by it, according to said contract price, amounted to the sum of $209.65, and said work was completed Aug. 1, 1911; that subsequent to the completion of said sidewalk, and subsequent to the giving of the notice of the time and place fixed for the inspection of the work

done by the company in the construction of said sidewalk and the materials furnished therefor, the Board of Public Works, upon due consideration of the said matter, determined that said sidewalk had been constructed in accordance with the ordinances of said city, and the contract therefor, and apportioned the cost thereof to the said lot at the sum of $209.65, and directed the issuance of an apportionment warrant for said sum to the said company, which warrant was duly issued on the 18th day of December, A. D. 1911, and duly recorded by the City Clerk of said city, as required by law. That the City of Pensacola, and said company at all times complied with the Ordinances of said city and the laws of the said State, in directing, ordering and constructing said sidewalk so constructed in accordance with the contract aforesaid, and said ordinances and laws, and although all things have happened, and all times elapsed to entitle the said company to enforce the lien upon said property for the construction of said sidewalk and apportionment warrant aforesaid, and the defendant had been requested to pay the amount due for same, yet the said defendant has neglected and declined to pay the same, and the complainant, as the assignee of said company, is therefore entitled to enforce the lien upon the said property, which is given by the laws of Florida for the sum aforesaid, with interest, costs and attorney's fees. That said apportionment warrant was duly recorded, and the record thereof made by the Board of Public Works on the 18th day of December, A. D. 1911, same being entered upon a register kept by said Board in alphabetical order for that purpose.

That subsequent to the issuance of said apportionment warrant the said W. W. Hatch & Sons Co., which was and is a corporation, for a valuable consideration paid by complainant, duly transferred and assigned to complain-

ant the said apportionment warrant and its said claim for the amount due for the construction of said sidewalk, and the complainant is now the owner and holder of the same.

To the end, therefore, that the defendant may, if he can, but not under oath, the oath to the answer being hereby specially waived, show why your orator should not have the relief hereby prayed, and may, according to the best and utmost of his knowledge, remembrance, information and belief, full, true, direct and perfect answer make to all and singular the premises, as if same were here again set forth and numbered, and they specially interrogated thereto.

In view of the premises, may it please your Honor to order, adjudge and decree that your orator has a lien upon the property hereinbefore described, for the cost of the construction and grading of such sidewalk alongside of same in the sum of the amount hereinbefore alleged, with interest and attorney's fees; that a lien exists upon the said property for the security and payment of the said apportionment warrant, and for the interest and costs, including a reasonable attorney's fee to be ascertained by your Honor; your orator alleging that ten per cent (10%) of the amount due for principal and interest is a reasonable attorney's fee; and that said property be sold for the payment of such sums, by a Master to be appointed by your Honor, in the manner required by the Laws of the State of Florida; and that the defendant and all persons claiming by, through or under him, be forever barred and foreclosed of all right and equity of redemption in and to the said property, except as provided by the statute; that from the proceeds of such sale there be paid the full amount due upon said apportionment warrant, and the interest, costs and reasonable attorney's

fee, to be fixed by your Honor; that your orator have such other and further relief in the premises as may seem meet and proper, and agreeable to equity and good conscience. May it please your Honor to grant unto your orator the State's most gracious writ of subpoena, to be directed to the defendant, Pattillo Campbell, returnable according to the course and practice of this Honorable Court."

To this bill of complaint the defendant filed the following plea:

"The Plea of Pattillo Campbell, the defendant, to the Bill of Complaint of Lee Daniell, the complainant.

The defendant by protestation, not confessing or acknowledging all or any of the matters and things in the complainant's said bill mentioned, to be true in such manner and form as the same are therein and thereby set forth and alleged, doth plead thereunder, and for plea says that at the time of the making of the contract between the City of Pensacola and W. W. Hatch & Sons Company, referred to in said bill of complaint, the said W. W. Hatch & Sons Company was a corporation under the laws of the State of Indiana; that said corporation was not transacting business in the State of Florida on June 1st, 1907; that said contract was made in the year 1910, in Pensacola, Florida, and was performed in the City of Pensacola, Florida, during the years 1910 and 1911; that at the date said contract was made, August 11th, 1910, and during the years 1910 and 1911, when the said contract was to be performed, no foreign corporation was permitted to contract business, or acquire or hold or dispose of property in this State until it had filed in the office of the Secretary of State, a duly authenticated copy of its charter or articles of corporation, and received from the Secretary of State a permit to transact business in this State, and every con-

tract made by, or on behalf of any foreign corporation affecting its liability or relating to property within the State before it complied with the provisions of Chapter 5717, Laws of 1907, approved June 1st, 1907, was void on its behalf and on the behalf of its assigns, and that upon the said 11th day of August, 1910, the date upon which the said contract was made, and during the years 1910 and 1911, when the said contract was to be performed, the said W. W. Hatch & Sons Company, a corporation, had not complied with the laws of this State in that it did not file in the office of the Secretary of State a duly authenticated copy of its charter or articles of corporation, and had not then received from the Secretary of State a permit to transact business in this State; and that said contract was executed in Pensacola, Florida, where the said contract was entered into and was to be performed, of which facts the complainant had full knowledge.   Therefore the said contract and the said warrant mentioned in the said Bill of Complaint, are void and unenforceable, and neither the W. W. Hatch & Sons Company nor the complainant acquired or held any lien whatever, upon the property of the defendant mentionad and described in the said Bill of Complaint.   All of which matters and things this defendant avers to be true, and pleads the same to the whole of said bill, and demands the judgment of this Honorable Court whether he ought to be compelled to make any answer to the said Bill of Complaint; and prays to be hence dismissed with its reasonable costs in this behalf most wrongfully sustained."

The Court overruled the plea and the defendant appeals.

Sections 1 and 4 of Chapter 5717, Acts of 1907, entitled "AN ACT to Prescribe the Terms and Conditions Upon Which Foreign Corporations for Profit May Transact

Business, or Acquire, Hold or Dispose of Property in this State," are as follows:

"Section 1. That no foreign corporation shall transact business or acquire, hold or dispose of property in this State until it shall have filed in the office of the Secretary of State a duly authenticated copy of its charter or articles of incorporation, and shall have received from him a permit to transact business in this State.

Sec. 4. Every contract made by or on behalf of any foreign corporation affecting its liability or relating to property within the State before it shall have complied with the provisions of this act shall be void on its behalf and on behalf of its assigns, but shall be enforceable against it or them."

The statute does not apply to corporations transacting business in this State prior to its taking effect on June 1st, 1907.

The contention of the appellee is that this statute is not applicable to the facts shown by the pleadings here.

*Patillo Campbell, in Pro Per.*

*Blount & Blount & Carter,* for Appellee.

COCKRELL, J., (*After stating the facts*)—The true construction of the bill of complaint, as we read it, is an effort to enforce the lien given by the statute to the City of Pensacola, against an abutting owner for a special benefit to his property, by reason of the construction of a sidewalk. The plea admits that the proportionate cost of the paving to be assessed against his property was duly fixed by the proper city authorities and that the city had performed the work through an agency at the lowest cost after competitive bidding.

The plea does not question the value of the improvement to the property, nor the sufficiency of the notice to the defendant, nor does it assert any irregularity in the proceedings that could in anywise prevent the City of Pensacola from itself enforcing the lien for the amount claimed. The city had the power to do the work through any agency it saw fit, limited only to a reasonable cost for the work, after proper notice. It saw fit to perform the work through a foreign corporation, and we may admit that it could have avoided the contract as against the Foreign Corporation, had it seen fit so to do, or even further it might perhaps have used this statute to compel specific performance of the contract had the Foreign Corporation declined performance; but the city so far from raising objection, has ratified and approved the contract, which has been fully performed to the entire satisfaction of the city as shown by its issuance of the apportionment warrant. All this is then past history.

The statute does not forbid the municipality or any citizen of the State entering into a contract with a non-registered foreign corporation; to the contrary, the statute in terms permits the enforcement of the contract on its behalf. We are not then asked to assist the city in the evasion of a police or other regulation of the Legislature. The city has had the work done in the least expensive way it could be done, after the abutting owner had failed to do the work, and without the violation of any law. It thus acquired a lien against the property for the fair cost of this improvement, the city could have enforced this lien against Campbell, and there is no doubt that having a valid lien, the city could have assigned the lien directly to Lee Daniell.

The plea then presents the question of the proper party complainant; that the city is the proper complainant and

not Lee Daniell. In framing the plea the pleader did not have in mind this narrowed defense, else he would have asserted in more positive terms that the foreign corporation had not obtained the permit to do business in Florida when the apportionment warrant was issued to and assigned by it, assuming that this transaction would offend the statute. The plea denies that the permit had been granted "during the years 1910 and 1911, when the said contract was to be performed." This plea is addressed to a bill that alleges that the contract was fully performed August 1, 1911, while the warrant was not issued until December 18, 1911. The plea does not aver that the foreign corporation "had not then (that is on December 18, 1911), received from the Secretary of State a permit to transact business in this State." We are not therefore called upon to express an opinion as to whether the receipt of the apportionment warrant, and its assignment offended the statute. The plea was therefore properly overruled and the order is affirmed.

TAYLOR AND HOCKER, J. J., concur;

SHACKLEFORD, C. J., AND WHITFIELD, J., dissent.