C. T. MARSHALL, *Appellant,* v. C. S. YOUNG CONSTRUCTION COMPANY; TOWN OF ORANGE PARK; WILLIAM KNAPP, AND ———— KNAPP, HIS WIFE; WILLIAM REGISTER AND IRENE REGISTER, HIS WIFE, *Appellees.*

Division A.

Opinion Filed June 14, 1927.

Robert H. Anderson, for Appellant;

Giles J. Patterson and V. C. Giblin, for Appellees.

ELLIS, C. J.—The Town of Orange Park entered into a contract with C. S. Young Construction Company to pave certain streets in the town. The agreement, among other things, provided that when the Construction Company completed its work of paving, the town would charge the cost of such paving as a lien against the several lots abutting the streets paved, apportioning the cost to the frontage of the property upon the streets paved, and would within thirty days after the acceptance of the work assign the liens to the contractor.

The Construction Company completed its contract and the work was duly accepted on November 23, 1914, by the town, which apportioned the cost to the abutting property as agreed.

C. T. Marshall, a citizen of the town, was the owner of certain lots abutting upon one of the streets paved. The amount apportioned to his lots as the part which should be charged as a lien upon them was $913.00. On November 28, 1914, Marshall, in recognition of the obligation executed to the complainant two promissory notes; one for $457.00 and the other for $456.00. They were payable respectively ninety days and six months after date at the Florida National Bank of Jacksonville.

The notes have not been paid nor has the debt for which they were given been satisfied, nor has the Town of Orange Park ever assigned to the Construction Company the lien which attached to the property on account of the improvement, although it has been requested by the Construction Company to do so.

On the 25th of April, 1924, more than eight years and ten months after the due date of one note and nine years and one month after the due date of the other, the Construction Company exhibited its bill against the Town of Orange Park, C. T. Marshall and others alleged to be inter-

ested in the property, praying that the town be compelled to make proper assignment of the lien upon Marshall's property to the complainant, which should be deemed to have a lien on the property for the amount apportioned to the lots; that Marshall and others be decreed to pay the debt and in default thereof that the property be sold; the defendants barred from equity of redemption and for general relief.

The Town of Orange Park answered averring that at the time the paving work was completed it offered to assign the lien to the Construction Company pursuant to the terms of the contract but that the Company requested that it be not assigned but held by the town for the use of the complainant; that thereafter the complainant accepted the notes from the defendant as evidence of the latter's individual debt to the Company and without intervention of the town. It was also averred that the complainant has assigned and transferred the notes to the Florida National Bank, which assignment has never been cancelled and is now outstanding. The answer also contained a demurrer to the bill.

The defendant, Marshall, interposed a plea of laches and failure to bring an action upon the notes within the statutory period. The plea was held to be insufficient and Marshall was required to answer the bill on or before the rule day in August, 1924.

An appeal was taken by Marshall from this order.

The Statute of Limitations had run against the notes as they were not under seal. See Section 2939, Revised General Statutes. The notes contained, however, the following clause:

"This note is one of the series of two notes given for the paving laid on River Boulevard street, under Ordinance No. 10, in front of Lots 1 to 6 inclusive, Block B, of C. T.

Marshall's subdivision of Lots 5 and 6, Block 6, Section 1. Block ———, Section ——— of the Town of Orange Park, Florida, the total amount of the lien for said work being $913.00. It is understood and agreed that said notes shall not be a discharge of said lien, but the same shall remain in full force and effect until all of this series of notes, renewals or extensions thereof are paid in full. If any of this series of notes on said lien are not paid when due and payable, all of the unpaid notes on said lien shall forthwith become due and payable, at the option of the holder thereof, and said lien or balance due thereon may be enforced as provided by law.''

The lien for the paving of the street which the town may have had upon the property of Marshall has never existed in favor of the Construction Company because whatever lien the Town of Orange Park may have had has never been assigned to the Construction Company if, indeed, it could be in law assigned. Therefore, when the Construction Company accepted the notes from Marshall the Company held no lien upon his property for the work alleged to have been performed. It may have had a contract with the municipality for the assignment of the lien to it, but no attempt had been made under its provisions to obtain it.

A lien is a charge upon property which exists in favor of a person to whom another owes a debt or duty. See Phillips v. Atwell, 76 Fla. 480, 80 South. Rep. 180.

Under the provisions of Chapter 6738, Laws of Florida, 1913, which is an act to organize a commission form of government for the Town of Orange Park, a lien existed in favor of the municipality upon the lots owned by Marshall to secure the debt owed by him to the town as owner of the lots for the amount of the cost of the paving apportioned by the town, under the provisions of the law, to the lots owned by Marshall which abutted upon the street paved.

When the work of paving was completed and the expense thereof duly apportioned to the several properties abutting upon the street paved or benefited thereby a debt was created in favor of the Town of Orange Park security for the payment of which consisted of a statutory lien in favor of the municipality. This debt has never been acquired from the municipality by the Construction Company if indeed any authority in law for the assignment of either the debt or the lien by the municipality exists.

The statute makes provision for the enforcement of the lien for the cost of the improvement against the property by suit at law or in equity or the collection of the amount by an assessment of a special tax against the lot. There is no authority attempted to be conferred by the statute upon the municipality for the assignment of the latter's power to assess the cost of the improvement as a special tax upon the lot, nor is there any statutory authority for the assignment of the lien.

Assessments for local improvements form now an important part of the system of taxation. It is in pursuance of the taxing power delegated by the Legislature to municipalities that the latter may assess against certain property the cost of certain improvements such as grading and paving streets. See 25 R. C. L. 85-144.

A special assessment for improvements of the character of that made by the Town of Orange Park against the lots in this case is a charge upon the specific land benefited and not against the owner. There was no personal liability of the property owner. A personal action could not be maintained for its collection. See Macon v. Patty, 57 Miss. 378, 34 Am. Rep. 451; Heman Const. Co. v. Wabash R. Co., 206 Mo. 172, 104 S. W. Rep. 67, 121 A. S. R. 649, 12 Ann. Cas. 630; Raleigh v. Peace, 110 N. C. 32, 14 S. E. Rep. 521, 17 L. R. A. 330; McCrowell v. City of Bristol, 89 Va. 652,

16 S. E. Rep. 867, 20 L. R. A. 653; Asberry v. City of Roanoke, 91 Va. 562, 22 S. E. 360, 42 L. R. A. 636; City of Brookings v. Natwick, 22 S. D. 322, 117 N. W. 376, note to 133 A. S. R. 927.

But the notes executed by Marshall to the Construction Company were personal obligations upon which a personal action could have been maintained against the maker.

The Construction Company did the work under a contract with the town, not with Marshall, who was under no obligation of a personal nature to either. If the Company was entitled to be subrogated to the city's rights to enforce the lien, presuming that it was regularly created in conformity with the statutory requirements, then it acquired by the notes an additional right to a personal judgment against Marshall on default.

The right or power of the town to assign the tax or assessment is doubtful as the amount assessed upon the defendant's lot is not an ordinary debt arising out of contract express or implied, but a charge upon the land growing out of the delegated power to the municipality to assess and collect the amount chargeable for the improvement. The amount is assessed by virtue of the sovereign power in the state to levy taxes and assessments which power is delegated to the town by the Legislature. It is, therefore, not an ordinary debt. To hold that the city can assign the power to an individual is to hold that it might authorize an individual to exercise the high and delicate powers conferred upon the municipality for purposes of taxation. In such case opportunity would be offered to commercialize the taxing power of the municipality and we might have a return to the days of the private tax gatherer with their attendant evils greatly increased as governmental bureaus and other enforcement agencies multiply. McInerny v. Reed, 23 Iowa 410.

But if the lien was assignable and the complainant was in such relation to the town growing out of its contract as to make it entitled to subrogation to the town's claim, the action should be brought by the town. Kansas City v. Rice, 89 Mo. 685, 1 S. W. Rep. 749.

Now, the notes created no mortgage upon the land because they were not under seal. Sec. 3787, Revised General Statutes. The lien referred to in the note was a lien which, as explained, exists in favor of the municipality by reason of its power of taxation as conferred by the Legislature and in an action by the city to enforce it either by a special tax upon the lot or bill in equity the owner of the property, whosoever he may be at the time, may interpose all defenses which may exist as to the lawful exercise by the town of the taxing or assessment powers in relation to the particular lot.

The complainant can obtain no right to the so-called lien either by contract or subrogation because the power to enforce the lien is an exercise of the governmental power of taxation which cannot be acquired by private persons.

If it has any claim upon the defendant, Marshall, it exists by virtue of the promissory notes unaided by any other right. In view of the above propositions, which we think are sound, it follows that the bill contained no equity, that the complainant's remedy is at law.

Now, the plea assumes that a right once existed in the complainant to the relief sought but that it had been forfeited or barred by laches. It was not a good plea if the theory on which the bill was framed had been sound, because the allegations of the bill and the averments of the plea do not fully show a condition of laches. See King v. Dekle, 53 Fla. 940, 43 South. Rep. 586; Baldwin v. Christopher, 75 Fla. 605, 79 South. Rep. 339; Norton v. Jones, 83 Fla. 81, 90 South. Rep. 854.

Apart from any question of statutory limitation courts of equity will discourage laches and delay in the enforcement of rights. Smith v. Thompson, 7 Gratt. (Va.) 112, 54 Am. Dec. 126 note; McGinnis v. Caldwell, 71 W. Va. 375, 76 S. E. Rep. 834, 43 D. R. A. (N. S.) 630; Neppach v. Jones, 20 Ore. 491, 26 Pac. Rep. 569, 23 A. S. R. 145.

The general principle is that nothing can call forth the court of chancery into activity by conscience, good faith and reasonable diligence. Where these are wanting the court is passive and does nothing. See 10 R. C. L. 395.

But it is not mere delay that constitutes laches. Unreasonable delay in enforcing a right coupled with a disadvantage to another are the elements of the estoppel against the assertion of the right which is called laches. The plea is not full enough in developing this feature. There is no averment that the delay in enforcing the right has brought about any condition disadvantageous to the defendant; besides it sets forth nothing but what appears on the face of the bill. See Keen v. Brown, 46 Fla. 487, 35 South. Rep. 401; Dekle v. Barkley, 48 Fla. 250, 37 South. Rep. 581.

The plea was bad because of the defects pointed out and it was properly overruled. The objection should have been made by demurrer.

The order overruling the plea and requiring the defendant to answer the bill of complaint is modified to allow the defendant to demur to the bill if he so desires.

With such modification of the order it is hereby affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.