The appellant filed her bill in the Circuit Court of Hillsborough County, having for its purpose the foreclosure of a city paving lien certificate issued by the City of Tampa against the property of one Edward Stokes. The certificate had been assigned by the City of Tampa to Appellant, and all annual installments with interest had been paid, except the last two which were in default.
The answer of Edward Stokes, the owner of the lot in question, merely acknowledges liability for the amount of the installments remaining unpaid with interest thereon, but claims he should not be required to pay the attorneys' fees as he was not served with the ten days' notice as provided by Section 29 of the Charter of the City of Tampa, the collection *Page 986 
of such fees being prohibited by Section 36, of said charter unless suit shall have been instituted after giving the required notice.
A decree pro confesso was entered as to all other defendants. Testimony was taken before a master and the cause came on for hearing before the chancellor upon the master's report of the testimony and a decree was entered by the chancellor of his own motion dismissing the bill of complaint, said order reading in substance as follows: That the said suit was brought in the name of Helen Louise Buffum the alleged holder of the paving certificate sued on and not in the name of the City of Tampa, either in its own capacity or suing for the use of the said Helen Louise Buffum as complainant, "the court holds that it is without jurisdiction to enter a final decree in said cause for the reason that the said suit is not properly brought in the name of the City of Tampa, either suing in its own capacity or for the use of said Helen Louise Buffum, the alleged holder of said paving certificate."
From this decree complainant appealed and the only issue presented here for review is whether or not the paving certificate issued by the City of Tampa was assignable; and, if assignable, whether suit must be brought in the name of the individual assignee in her own capacity, or whether in the name of the City, either in its own capacity or for the use of the assignee.
As to the preliminary question above presented there can be no doubt that the City of Tampa was authorized to assign said paving lien certificate under Section 36 of its Charter as amended by Chapter 8364 Laws of Florida, 1919, providing among other matters that "where the City of Tampa has acquired, or may hereafter acquire liens for improvements, such liens may and shall be transferred by *Page 987 
the sale and delivery of the certificate of indebtedness issued by the City of Tampa in pursuance thereof."
In answer to the second question, it is observed that the same Section of the Charter provides that "such liens, or any of them, may be enforced in the name of the holder thereof in the following manner: First, by a bill in equity; second, by a suit at law."
The remainder of said Section provides among other things for attorneys' fees and costs to the holder of the certificate in the amount of $25.00 plus 10% of the recovery, together with costs, to the holder of the certificate, and that "in no event shall the city be liable for the payment of the attorney's fee herein provided for." The certificate itself provides that it is "payable to bearer at the office of the City Treasurer;" and that "payment of this certificate and annual interest thereon is hereby guaranteed by the City of Tampa; and in case of nonpayment of principal and annual interest at maturity by the owner of property herein described, and the holder or owner of this certificate shall have failed to collect the same by suit, against the property or the owner thereof, the same shall be redeemed by the City of Tampa at the option of the holder of this certificate."
The above-quoted provision in the body of the certificate appears to be authorized by Section 31 as amended by Chapter 7249, Laws of Florida, 1915, of the City Charter providing that "in case of non-payment of principal or annual interest thereon at maturity by the property owner, and the holder or owner of said certificate shall have failed to collect the same by suit, the same shall be redeemed by the City at the option of the holder of said certificate, but such redemption by the City shall not discharge the lien or assessment against the abutting property." *Page 988 
Upon the question as to whether or not the holder has the right to bring suit against the lot in question in her own name and capacity, to enforce the lien, attention has been directed to the case of Marshall v. C. S. Young Const. Co., 94 Fla. 11,113 So. 565, 55 A. L. R. 662, headnote seven of which reads as follows:
 "A bill in chancery brought by a contractor performing work for a municipality against the owner of a lot against which an assessment has been made by the municipality for local improvements to enforce a lien against the owner of the lot to pay the personal obligation of the owner to the contractor assumed on account of the assessment, contains no equity."
It appears that the Charter of the City of Orange Park authorized the issuance of paving certificates against abutting property owners, but no authority is conferred by said charter to assign or transfer such certificates, which is generally held to be essential. See annotation, 55 A. L. R. 667. In that suit, it is not claimed or shown that the certificates on the lots in question had ever been assigned to complainant; in fact the contrary appears.
Section 36 of the Charter of the City of Tampa, quoted above provides that a lien may be enforced "in the name of the holder thereof" by a suit in equity. The only question remaining is did the Legislature exceed its powers in providing that the suit may be brought in the name of the holder.
In most jurisdictions, assessment certificates are assignable and may be sued on by the assignee in the name of the municipality to his use, and in some states in his own name. Upon the assignment of the tax bills or assessment certificates, the lien passes and may be enforced in the same manner and to the same extent as in the hands of the *Page 989 
original holder. 5 McQuillin, Municipal Corporations, Sec. 2145; 20 R. C. L. 665; 47 C. J. 24. See also Warren v. Russell,129 Cal. 381, 62 P. 75; Springfield v. Weaver, 137 Mo. 650, 670, 37 S.W. 509, 39 S.W. 276.
In the present case, as has been noted, specific statutory authority is given to a certificate holder to sue in his own name.
Section 8 of Article VIII of the Constitution of Florida provides that:
 "The Legislature shall have power to establish, and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time."
In the case of State v. Goodgame, 91 Fla. 871, 108 So. 836, 47 A. L. R. 118, this Court said that the general grant of powers under the above section includes all powers fairly within the grant and essential to purposes of the municipality, and not in conflict with other powers expresslyconferred by it; and that "unless a statute is in positive conflict with some designated or identified provision of the Constitution, it should not be held unconstitutional."
The conferring of the power by statute authorizing a lien-holder to sue and enforce such lien in his own name, violates no provision of the Constitution.
In the recent case of Ridgeway v. Reese, . . Fla. . .,131 So. 136, considerable light is shed upon this question as it is there held that under Chapter 14572 Laws of Florida, 1929, a purchaser of a tax sale certificate or his assignee may foreclose same after the time for redemption has expired and that property owners cannot justly resist statutory methods of enforcing tax liens by foreclosure proceedings, when due process is afforded. *Page 990 
The decree of the Court dismissing the bill was error and the same should be reversed.