SEBRING, Justice.
This appeal brings here for review a final decree of the Circuit Court of Orange County upholding the validity of a certain contract for public improvements proposed to be executed under the authority of Chapter 29362, Laws of Florida, Special Acts of 1953.
The act in question provides for the letting of contracts by the City of Orlando for the construction of certain public improvements by private parties and for the sale by the municipality of special assessment liens on abutting property as full payment therefor, as follows:
“Section 1. Municipal Improvements Defined. As herein used the term ‘Municipal Improvement’ shall be construed to mean the opening, widening, laying out, paving, grading, extending, digging, construction, alteration or discontinuation of any park, street, highway, alley or other way, ditch, drain or gutter, or the laying, construction, repairing, changing, vacating, enlarging, diminishing or improving of any sewer within the City of Orlando.
“Section 2. 'Contracts for Construction of Municipal Improvements. The City of Orlando is authorized to enter into and agree upon the terms of can-tracts with private parties for the installation, accomplishment or construction of municipal improvemeni s as hereinabove defined. In such cases such private parties may do all of the work in accordance with specifications *677 prescribed by the City, or in the alternative, may contract to do certain specified parts of the work to be done in conjunction with the City itself.
“Section 3. Financing Municipal Improvements. In consideration of the work to be done by such private parties the City may sell or agree to sell to such private contracting parties any or all of the municipal improvement liens assessed by the City against abutting property for benefits to such property resulting from the municipal improvements so constructed. Said liens shall be evidenced by special assessment lien certificates and shall be assigned by the City without recourse against the City in the event of failure of payment. Said liens may be enforced by the party to whom assigned or anyone holding under him as any other liens are enforced in equity, or the City may agree to enforce such liens for and in behalf of the holder thereof.”
By the complaint for declaratory decree filed in the cause it appears that pursuant to this act the City of Orlando proposes to improve certain streets in the municipality and “to obligate itself under the provisions of said Act to levy 'municipal improvement liens’ against abutting property for the total cost of such improvements and to unequivocally obligate itself to the [contractor] to assign such liens without recourse, and [the contractor] to agree to accept such ‘municipal improvement liens’ in full payment for the work performed by [the contractor] in constructing said improvements. That under the terms and provisions of said contract [the city] will preclude and prohibit any exercise of its power to levy and collect ad valorem taxes to meet any obligation under the terms or conditions of the above mentioned contract * *
Upon the complaint and answer the court below entered its final decree in which it found: (1) that Chapter 29362, Laws of Florida, Special Acts 1953, was validly enacted and did not contravene any provisions of the Constitution of Florida; (2) that the procedure for the assignment of municipal improvement liens described in the complaint was legal, and, if followed, would create a valid contract between the parties; (3) that Chapter 29362 is supplemental to the other provisions of the charter of the City of Orlando, and municipal improvement liens properly issued under these provisions of the City charter are assignable under Chapter 29362 and, when assigned by the city without recourse, are enforceable by the assignee in his own name; (4) that while said liens are not technically negotiable instruments they are transferable as dioses in action and become enforceable by the ultimate holder thereof in his own name; (5) that the municipal liens assignable under Chapter 29362 carry with them all the priorities accorded such liens under othe.r provisions of the charter of the City of Orlando, including priority over other liens upon the property involved except County and City taxes and will carry with them the interest rates fixed by other provisions of the city charter for municipal improvement liens; (6) that the assessment of said liens and the assignment thereof pursuant to Chapter 29362 and the proposed agreement between the city and the contractor would not constitute an unconstitutional exercise of the municipal taxing power of the City of Orlando in violation of section 6, Article IX of the Constitution of Florida, F.S.A.
We find no error in the decree appealed from. See City of Orlando v. State, Fla., 67 So.2d 673. The proposal set out in. the complaint herein provides for the levy of liens against the abutting property for the total cost of the improvements. The City does not obligate itself to pay for any portion of the costs incident to such improvements. The improvement liens are to be assigned to the contractor without recourse and the contractor agrees to accept the liens in full payment of the work performed, in lieu of cash and in lieu of any other promise or arrangement to pay by the city. The certificates create no direct or indirect debt or obligation on the part of the municipality, but the debt or obligation is that of each owner of the property to be im *678 proved, secured by a lien to pay to the contractor his proportionate costs of the improvement to the whole project in which his property is involved. Each arrangement or proposal for the construction of a particular public improvement, such, for example, as the paving of a street, is to rest upon its own bottom without involvement in any sort of fiscal program contemplating wide spread improvements and long range financing.
The question is raised in briefs as to the power of the City of Orlando to assign the lien certificates which will be created as the result of the contemplated improvements and to authorize the contractor to sue thereon in his own name in the event there is a default.
We think that this question must be resolved in favor of such action. The as-signability of municipal assessment certificates in general was considered fully in the case of Buffum v. Stokes, 101 Fla. 984, 133 So. 75, 77, wherein this Court decided that the City of Tampa, pursuant to specific statutory authority, could assign its paving lien certificates, and that “the conferring of the power by statute authorizing a lien holder to sue and enforce such lien in his own name” was proper. The effect of the ruling in that case was to limit an earlier decision against assignability, Marshall v. C. S. Young Construction Co., 94 Fla. 11, 113 So. 565, 55 A.L.R. 662, to the situation where the assignment was made without statutory authority, and to permit an assignee, under circumstances closely analogous to those involved in the Orlando situation, to enforce the lien in the same manner and to the same extent as the original municipal holder, subject to the same priority and interest provisions as would be applicable to such liens held by the City.
The decree appealed from should be affirmed.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS, HOBSON, MATHEWS and DREW, JJ., concur.