Mr. Gary Alan Vorbeck County Attorney Hardee County Room A-204, Courthouse Annex 412 West Orange Street Wauchula, Florida 33873-2867
Dear Mr. Vorbeck:
This is in response to your request for an opinion on the following questions:
 1. CAN A COUNTY ASSIGN A DELINQUENT LIEN FOR SPECIAL ASSESSMENTS TO THIRD PARTIES?
 2. IF SO, WILL THE ASSIGNEES HAVE THE SAME RIGHTS AND POWERS AS THE COUNTY FOR THE COLLECTION OF SAID SPECIAL ASSESSMENT LIEN?
 3. CAN A COUNTY ADVERTISE THE NAMES OF OWNERS OF PROPERTY ON WHICH A SPECIAL ASSESSMENT PAYMENT IS DELINQUENT IN THE SAME MANNER AS FOR AD VALOREM TAXES?
QUESTIONS ONE AND TWO
According to your letter of inquiry, Hardee County has created a municipal service taxing unit for the purpose of fire protection. Such municipal service taxing or benefit units are expressly authorized by s. 125.01(1), F.S., which provides in pertinent part:
 (1) The legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power includes, but is not restricted to, the power to:
* * *
 (q) Establish, and subsequently merge or abolish those created hereunder, municipal service taxing or benefit units for any part or all of the unincorporated area of the county, within which may be provided fire protection . . . and other essential facilities and municipal services from funds derived from service charges, special assessments, or taxes within such unit only. It is declared to be the intent of the Legislature that this paragraph is the authorization for all counties to levy additional taxes, within the limits fixed for municipal purposes, within such municipal service taxing units under the authority of the second sentence of s. 9(b), Art. VII of the State Constitution.
Cf., AGO's 85-83; 84-52. The municipal service taxing unit referred to in your letter is funded by special assessments on benefited property within said unit. The special assessments are not collected in the manner of ad valorem taxes as authorized in s. 197.363, F.S., but are sent out by separate billing by the board of county commissioners.
Special assessments are charges assessed against the property of a particular locality because that property derives some special benefit from the expenditure of the money collected by the assessment in addition to the general benefit accruing to all property or citizens. See, 48 Fla.Jur.2d Special Assessments s. 1 and AGO's 84-48; 82-103. Special assessments are levied under the taxing power and are considered a "peculiar species of taxation." State ex rel. Board of Supervisors of South Florida Conservancy Dist. v. Warren, 57 So.2d 337, 340 (Fla. 1951); State ex rel. Board of Supervisors of South Florida Conservancy Dist. v. Caldwell,35 So.2d 642 (Fla. 1948); Jackson v. City of Lake Worth, 23 So.2d 526
(Fla. 1945); Anderson v. City of Ocala, 91 So. 182 (Fla. 1921).
Although the legislative and governing body of a noncharter county is granted broad home rule powers by s. 1(f), Art. VIII, State Const., as implemented by s. 125.01, F.S., and as construed in Speer v. Olson, 367 So.2d 207, 211 (Fla. 1978), the taxing power of such county is derived from Art. VII, State Const., not Art. VIII, State Const. Thus, a noncharter county possesses no home rule power to levy taxes and assessments. See, AGO 85-90. Cf., City of Miami v. Brinker, 342 So.2d 115 (3 D.C.A. Fla., 1977) (municipality has no inherent power to levy assessments); AGO's 82-9, 80-84. Section 1(a), Art. VII, State Const., provides that "[n]o tax shall be levied except in pursuance of law." The term "law" as used in the constitutional sense means a statute passed by both houses of the state Legislature. See, Broward County v. Plantation Imports, Inc., 419 So.2d 1145 (4 D.C.A. Fla., 1982); Grapeland Heights Civic Association v. City of Miami,267 So.2d 321 (Fla. 1972); Advisory Opinion to Governor, 22 So.2d 398
(Fla. 1945).
Pursuant to s. 197.363(1), F.S., special assessments authorized by general or special law or the State Constitution may be collected as provided for ad valorem taxes under Ch. 197, F.S., if 1) the entity imposing the special assessment has entered into a written agreement with the property appraiser, at his option, providing for reimbursement of administrative costs; 2) a resolution authorizing use of the ad valorem method for collection of special assessments is adopted at a public hearing; 3) affected property owners have been provided with prior notice of both the potential for loss of title that exists with use of this collection method and the time and place of the public hearing by first-class mail; 4) the property appraiser has listed on the assessment roll the special assessment for each affected parcel; 5) the dollar amount of the special assessment has been included in the notice of proposed property taxes; and 6) the dollar amount of the special assessment has been included in the tax notice issued pursuant to s. 197.322, F.S. When collected by using the method provided for ad valorem taxes, special assessments are subject to all collection provisions of Ch. 197, including provisions pertaining to discount for early payment, prepayment by installment method, penalty for delinquent payment, and issuance of tax certificates and tax deeds for nonpayment. Section 197.363(2), F.S. If the requirements of subsection (1), supra, are not met, the collection of special assessments must be by the manner provided in the ordinance or resolution establishing such special assessments and must comply with all general or special laws authorizing the levy of such special assessments; in no event, however, may the ordinance or resolution provide for use of the ad valorem collection method. Section 197.363(3), F.S. This office has been advised that the conditions specified in s. 197.363(1), have not been met. Therefore, Hardee County is precluded from utilizing the ad valorem method as provided in Ch. 197, for the collection of its special assessments.
As a general rule, in the absence of specific statutory authorization, a lien for a special assessment cannot be assigned. See, 48 Fla.Jur.2d Special Assessments s. 42; 84 C.J.S. Taxation s. 598; 63 C.J.S. Municipal Corporations s. 1609(b); 14 McQuillin Municipal Corporations ss. 38.162 and 38.174; and Annot., 55 A.L.R. 662 (1928). In Marshall v. C.S. Young Const. Co.,113 So. 565, 567 (Fla. 1927), the Court held that a town had no right or power to assign a special assessment lien because the amount assessed upon certain land was not an ordinary debt arising out of contract, express or implied, but a charge upon the land, growing out of the state's sovereign power to levy taxes and assessments which power was delegated to the municipality. But see, Campbell v. Daniell, 67 So. 90 (Fla. 1914), wherein the Court in obiter dictum stated that a lien for a municipal sidewalk assessment could be assigned to a third party. The Court in Buffum v. Stokes,133 So. 75 (Fla. 1931), subsequently considered the assignability of municipal assessment certificates in general and held that the City of Tampa, pursuant to specific statutory authority, could assign its paving lien certificates. As the Court stated in Hubbard Const. Co. v. City of Orlando, 67 So.2d 675, 678
(Fla. 1953), the effect of the ruling in Buffum v. Stokes, supra, "was to limit an earlier decision against assignability, Marshall v. C.S. Young Construction Co., 94 Fla. 11, 113 So. 565, 55 A.L.R. 662, to the situation where the assignment was made without statutory authority. . . ."
It is axiomatic that taxes can be levied, assessed and collected only in the manner set forth by statute. Walter E. Heller 
Company Southeast, Inc. v. Williams, 450 So.2d 521 (3 D.C.A. Fla., 1984), pet. rev. den., 462 So.2d 1108 (Fla. 1985). In the instant case, s. 197.363(3), F.S., has clearly precluded Hardee County from utilizing the ad valorem method of collecting special assessments, nor am I aware of any other statute which would authorize the county to assign delinquent liens for special assessments. Moreover, my review of the legislative history of s.197.363, F.S., failed to reveal any evidence of legislative intent to allow counties proceeding under s. 197.363(3), to assign delinquent liens for special assessments. See, e.g., Florida House of Representatives, Ad Valorem Tax and Local Government Subcommittee Meeting, April 13, 1983; Florida House of Representatives, Finance and Taxation Committee Meeting, May 18, 1983. This office is not free to add words to a statute to support a conclusion that the plain wording of the statute does not supply. Therefore, in light of the foregoing authorities, your first question is answered in the negative, and your second question is rendered moot.
QUESTION THREE
You inquire whether Hardee County may publicize by advertisement the names of owners of property on which a special assessment payment is delinquent in the same manner as for ad valorem taxes.
Section 197.402, F.S., provides for the advertisement of real or personal property with delinquent taxes. When such legal advertisements are required, the board of county commissioners shall select the newspaper as provided in Ch. 50, F.S. The newspaper charges are to be paid by the office of the tax collector and the proportionate cost of such advertisements shall be added to the delinquent taxes when collected. Section197.402(1), F.S. Within 45 days after the personal property taxes become delinquent, the tax collector shall advertise a list of the names of the delinquent taxpayers and the amount of tax due; said advertisement to include a notice that all personal property taxes are drawing interest at the rate of 18 percent per annum, and unless the delinquent taxes are paid, warrants will be issued thereon pursuant to s. 197.413, F.S., and the tax collector will apply to the circuit court for an order directing levy upon and seizure of the personal property of the taxpayer for the unpaid taxes. Section 197.402(2), F.S. Subsection (3) of s. 197.402
provides that except as stated in s. 197.432(4), F.S., on or before June 1 or the 60th day after the date of delinquency, whichever is later, the tax collector shall advertise once a week for 4 weeks and sell tax certificates on all real property with delinquent taxes. He shall prepare a list of such properties in the same order in which the lands were assessed, and specify the amount due on each parcel, including interest at the rate of 18 percent per year from the date of delinquency to the date of sale; the cost of advertising; and the expense of sale.
Section 197.363(2), F.S., provides that when collected in the method provided for ad valorem taxes, special assessments shall be subject to all collection provisions of this chapter including provisions relating to, inter alia, penalty for delinquent payment and issuance of tax certificates and tax deeds for nonpayment. However, as discussed, supra, special assessments may not be collected as provided for ad valorem taxes if the requirements of s. 197.363(1), F.S., are not met. Since this office has been advised that the conditions specified in s. 197.363(1), have not been met, I am of the opinion that Hardee County may not utilize the provisions of, nor advertise in the manner prescribed by s.197.402, F.S., but must collect and enforce delinquent special assessments by a method other than the enforcement procedures prescribed by Ch. 197, F.S., for ad valorem taxes. Compare, AGO 79-111 which construed former s. 197.214, F.S., a precursor to s.197.363, F.S., and concluded that as former s. 197.214 was not applicable to municipal service taxing or benefit units, delinquent special assessment liens held by such unit could be collected and enforced by a method other than the sale of tax certificates and the tax collection and enforcement procedures prescribed by Ch. 197, F.S., for ad valorem taxes.
In sum, unless legislatively or judicially determined otherwise, it is my opinion that counties proceeding pursuant to s.197.363(3), F.S., are not authorized to assign delinquent special assessment liens. Moreover, such counties may not advertise the names of owners of property on which a special assessment payment is delinquent in the same manner as for ad valorem taxes.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General