DOWNEY, Judge.
This case had its genesis in a suit brought by appellee, Steinberg, against appellant, City of Sunrise (the City), in inverse condemnation. From an unfavorable final judgment on February 20, 1986, the City unsuccessfully appealed. Thereafter, the City commenced this suit to condemn the property involved and proceeded to obtain an order of taking pursuant to statute. This appeal is taken from an order of the trial court allowing Steinberg to withdraw the statutory deposit from the court registry except for certain taxes due the City. We have jurisdiction to review this non-final order pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii). Palm-Aire Country Club Condominium Association No. 2, Inc. v. F.P.A. Corp., 357 So.2d 249 (Fla. 4th DCA 1978); Kerekes v. Clavijo, 325 So,2d 12 (Fla. 3d DCA 1975).
At the taking hearing, the City contended that the amount deposited in the court registry should not be turned over to Steinberg because the City claimed a 1985 assessment lien on the property taken, which should be paid out of the taking-deposit. Steinberg argued that the judgment of February 20, 1986, adjudicated that the City “took” his property in 1982, when the City constructed a road and utilities through and over Steinberg’s property involved herein. Therefore, the assessment lien, such as it is, encumbered property effectively in the possession and control of the City. Furthermore, improvement assessment liens generally create no personal liability against the private property owner, but rather against the property, if at all. City of Coral Gables v. Board of Public Instruction of Dade County, 313 So.2d 92 (Fla. 3d DCA 1975); Marshall v. C.S. Young Construction Co., 94 Fla. 11, 113 So. 565 (Fla.1927).
Finally, we note that a condemnor’s acts in entering into possession of private property and proceeding to commence construction thereon constitutes a “taking” thereof within the constitutional provision for taking of immediate possession of property by the public corporation condemning it. People v. Peninsula Title Guaranty Company, 47 Cal.2d 29, 301 P.2d 1 (Cal. 1956).
In view of the fact that the trial court found in the 1986 judgment and in its subsequent January 23, 1989, order directing deposit of the funds in the court registry that the City had taken Steinberg’s property in 1982 when it constructed a road and utilities on said property, the appellant’s argument that the property is encumbered by a lien assessed by the City in 1985 appears somewhat anomalous. Under these circumstances we do not believe the City made a sufficient showing before the trial court that it was entitled to a portion of the deposit the City was required to place into the registry of the court pursuant to section 73.111, Florida Statutes (1987).
We, therefore, hold, without finally adjudicating appellant’s rights to the ultimate condemnation award, that the trial court did not abuse its discretion in awarding to Steinberg the amount of the deposit of $45,806.02. We leave for final adjudication appellant’s rights, if any, to a portion of the ultimate condemnation award.
Affirmed.
ANSTEAD and GARRETT, JJ., concur.