**HELEN M. JACKSON and E. J. CAMIT, v. CITY OF LAKE WORTH, a municipal corporation, et al.**

23 So. (2nd) 526                                        June Term, 1945
October 16, 1945                                        Division A

M. L. *Esarey,* for petitioner.

*Francis E. Love,* for City of Lake Worth, respondent.

BUFORD, J.:

Helen M. Jackson and E. J. Camit, having purchased certain lots of land from the Trustees of the Internal Improvement Fund, the title to which land had reverted to the State and was held by the Trustees of the Internal Improvement Fund, under the provisions of Chapter 18296, Acts of 1937, and especially under Sec. 9 of said chapter, filed suit in the Circuit Court of Palm Beach County, Florida, the purpose of which was to clear the title to said lots, and made parties defendant "Eva Goldberg, if living and if married _____ Goldberg, her husband, and if dead all unknown persons or parties claiming as heirs, devisees, grantees, assignees, lienors, creditors, trustees or other claimants by, through under or against the said Eva Goldberg, deceased or otherwise; H. W. Thurber, deceased and all unknown persons or parties claiming as heirs, devisees, grantees, assignees, lienors, creditors, trustees, or other claimants by, through under or against the said H. W. Thurber, deceased, Eva J. Thurber, a widow, individually, as executrix and sole heir at law of H. W. Thurber, deceased; City of Lake Worth, a municipal corporation."

The bill alleged, amongst other things:

"That the defendant City of Lake Worth is a municipal corporation having its corporate limits entirely within the county of Palm Beach, State of Florida, and has or claims some right, title or interest in and to the foregoing described real estate by reason of certain special assessments for betterments for streets, curbs and sewers constructed adjacent to said property but this plaintiff asserts and alleges that said assessments were levied by said defendant prior to the reversion of the title to said property to the State of Florida and its purchase by the plaintiffs from the State of Florida and

that the same are therefore subsequent, inferior and subordinate to the title of plaintiff and should be cancelled by this court."

The bill prayed:

"2. That the plaintiffs be decreed to be the owners in fee simple of the lands hereinbefore described, and the title of plaintiffs be forever quieted and confirmed in them;

"3. That all claims, rights, titles and interests of the defendants to this cause, known or unknown and the heirs, legatees, devisees, grantees, lienors, trustees or other claimants by, through or under the defendants hereto or either of them and the claims of any and all persons in and to said land be forever cancelled and decreed to be null and void and held for naught."

The City of Lake Worth appeared on May 7th, 1945, and on June 4th 1945 the City of Lake Worth filed its motion to dismiss the bill of complaint as to said defendant. That motion came on for hearing and on July 19th, 1945 the court granted the motion to dismiss as to the City of Lake Worth. From this order appeal was taken.

The whole question presented is whether or not the claim or lien of the City of Lake Worth which is held by reason of municipal special assessments for betterments was extinguished and destroyed when the title to the lots involved became vested in the State of Florida under the provisions of Chapter 18296, supra, coupled with the further contention by appellants that when the Trustees conveyed the lots to them they thereupon took title free and clear of all liens, including the special assessment lien held by the municipality, City of Lake Worth.

It appears that the law applicable to this matter has been determined adversely to the contention of the appellants in Bice v. Haynes City, 142 Fla. 371, 195 Sou. 919, and Carlile v. Melbourne-Tillman Drainage District, et al., 143 Fla. 355, 196 Sou. 687. See also Prince Hall Masonic Bldg. v. City of Jacksonville 149 Fla. 109, 6 So. (2nd) 250.

It must be borne in mind that the title claimed by appellants did not result from a foreclosure suit in which the

State's lien for taxes was foreclosed and other taxing units made parties complainant or defendants and, therefore, under the decision in the Bice case, supra, the liens of municipalities under taxing statutes, whether of equal dignity with the state lien or subordinate to it, were not affected. When the State took title to these lots under the provision of chapter 18296, supra, it took such title subject to liens existing in favor of the municipality under taxation statutes. It is true that an assessment for benefit is not, strictly speaking, a tax, but it is a burden levied under the power of taxation. The State could convey no better title than it had acquired under the statutes.

It, therefore, appears that the relief prayed or sought in the bill of complaint could not be successfully invoked against the City of Lake Worth. Therefore, the petition for certiorari is denied.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.