PER CURIAM.
The City of Miami appeals a summary final judgment in favor of the clerk of the circuit court and the board of county commissioners based upon' the finding that the City’s demolition lien is not a special assessment lien and, therefore, is not payable from the proceeds of the sale of a tax deed.
In October 1973 Sidney Pasternak and William Asher filed a complaint against the City of Miami to quiet title to the subject property by declaring null and void the City’s claim to a demolition lien. Plaintiffs claimed title by virtue of a November 2, 1971 tax deed from Dade County sold pursuant to the provisions of Chapter 197 of the Florida Statutes (1971). In January 1974 the City answered and filed a third-party complaint against appellees Richard Brinker, clerk of the circuit court, and the Dade County Board of Commissioners on the grounds that its demolition lien was entitled to payment out of the excess proceeds of the November 1971 sale of the tax deed pursuant to Section 197.291(2), Florida Statutes (1972) in that a $3,000 surplus from the proceeds of the sale was transferred to the board of county commissioners on March 19, 1973 pursuant to the above statute. Subsequently, in April 1974 a final summary judgment was entered quieting title in plaintiffs; but still remaining unresolved was the City’s claim of lien against appellees. The appellees answered and asserted as a defense, as of the date of the *116 sale of the tax deed, November 2, 1971, Section 197.291(2) had not been enacted and its predecessor effective at the time, Section 197.535, Florida Statutes (1971), provided that excess monies from a tax deed sale be disbursed to municipalities “holding liens for general taxes of equal dignity with county taxes upon said property”. The City’s demolition lien is not such a lien for general taxes. Following pretrial discovery, the City moved for summary judgment which was denied. Summary judgment was entered for appellees on the findings that Section 197.535, Florida Statutes (1971) is controlling and the City’s demolition lien is not a special assessment lien and consequently not payable from the proceeds of the sale of the tax deed. The City of Miami appeals. We affirm.
First, municipalities have no inherent power to levy special assessments and before special assessments may become valid, they must be made pursuant to the method prescribed by the legislature. City of Coral Gables v. Coral Gables, Inc., 119 Fla. 30, 160 So. 476 (1935); Snell Isle Homes, Inc. v. City of St. Petersburg, 199 So.2d 525 (Fla.2d DCA 1967). The City’s demolition lien is based on Chapter 24314, Laws of Florida (1947) which does not contain a provision for a demolition lien to rise to the status of a special assessment lien.
Second, Section 197.535, Florida Statutes (1971) is the controlling statute and the City’s contention that the later statutes are applicable is contrary to the well established law that a statute is not to be given retrospective effect unless the terms show clearly that such an effect was intended. See Florida East Coast Railway Company v. City of Miami, 299 So.2d 152 (Fla.3d DCA 1974).
Affirmed.