Sidney B. Shapiro City Attorney North Miami Beach
QUESTION:
May the City of North Miami Beach utilize s. 170.01, F. S., outside its municipal boundaries to effectuate construction contemplated in s. 170.01 and make special assessments against those properties benefiting from the improvements?
SUMMARY:
The City of North Miami Beach is without the requisite statutory authority to levy special assessments or to impose liens therefor on extramunicipal property to finance any part of the costs of making improvements to that part of its waterworks system operated and maintained in the unincorporated area of the county and may not utilize s. 170.01, F. S., beyond its municipal limits for such purposes. The exercise of extraterritorial powers by municipalities must be provided for by general or special law pursuant to s. 2(c), Art. VIII of the State Constitution.
The answer to your question is in the negative.
You state in your letter to me that the City of North Miami Beach owns and operates a waterworks system in and surrounding the city pursuant to ch. 26054, 1949, Laws of Florida, and, through authorization by Dade County, services a part of unincorporated Dade County known as Sunny Isles. You also state that the city wishes to construct improvements to its existing water system to provide fire flow benefit to Sunny Isles. Your question is whether the City of North Miami Beach can utilize s. 170.01, F. S., to authorize the levying of special assessments against extraterritorial property, here Sunny Isles, benefiting from extraterritorial improvements.
Initially, it should be noted that the taxing power of municipalities is not derived from s. 2(b), Art. VIII of the 1968 Revised Constitution; rather, the origin of the municipal taxing power and the limitations on its exercise are found in ss. 1(a) and 9(a) of Art. VII, State Const., as amended (cf. Contractors and Builders Association v. City of Dunedin, 329 So.2d 314 (Fla. 1976), footnote 7 at 319); ss. 166.201 and 166.211, F. S.; and such other special or general laws concerning ad valorem taxes, or general laws concerning other taxes, as may be enacted by the Legislature. Thus, municipalities possess no home rule power to levy ad valorem taxes. The decisional law, under the antecedent and counterpart provisions of ss. 1(a) and 9(a), Art. VII, State Const., and ss. 3 and 5, Art. IX, State Const. 1885, establishes that special assessments are levied under the taxing power and are a peculiar species of taxation. See Jackson v. City of Lake Worth,23 So.2d 526 (Fla. 1945); State v. Caldwell, 35 So.2d 642 (Fla. 1948); and Anderson v. City of Ocala, 91 So. 182 (Fla. 1922). Absent specific statutory authority therefor, no valid special assessments or liens therefor may be imposed. See Snell Isle Homes v. City of St. Petersburg, 199 So.2d 525 (2 D.C.A. Fla., 1967); City of Miami v. Brinker, 342 So.2d 115 (3 D.C.A. Fla., 1977); and Simpson v. City of Brooksville, 188 So. 794 (Fla. 1939). Section 1(a) or s. 9(a) of Article VII does not, nor does s. 166.201 or s.166.211, empower a municipality to levy special assessments or to exercise its taxing power extraterritorially. Indeed, s. 2(c), Art. VIII of the State Constitution mandates that the `exercise of extraterritorial powers by municipalities shall be as provided by general or special law.' Thus, a municipality has no power to levy special assessments or to impose liens therefor extraterritorially under s. 2(b), Art. VIII, State Const., s. 166.201, or s. 166.211.
Section 1, ch. 26054, 1949, Laws of Florida, in relevant part, empowers the City of North Miami Beach to `own and operate on aself-sustaining basis a municipal waterworks system in andsurrounding said City [and] to construct additions, extensions and improvements to said works and system.' (Emphasis supplied.) For the purpose of constructing any such additions, extensions, and improvements, the city is further authorized to borrow money and issue and sell revenue bonds payable solely from the revenues of the waterworks system. Chapter 26054 does not, however, authorize the imposition of any special assessments or liens therefor, either within or without the municipality's territorial limits, or the financing of the costs of such improvements by any means other than those prescribed by ch. 26054. For the purposes of this opinion, therefore, ch. 26054 does not authorize the extraterritorial exercise of the city's taxing power or the extraterritorial levy or imposition of special assessments or special assessment liens.
While s. 170.01, F. S., authorizes municipalities to `order the construction or reconstruction of water mains, water laterals, and other water distribution facilities' and `provide for the payment of all or any part of the costs of any such improvements by levying and collecting special assessments on the . . . specially benefited property,' it does not purport to empower a municipality to exercise its taxing power, to levy special assessments, or to impose liens therefor extraterritorially.
While the Metropolitan Dade County government may have authorized the City of North Miami Beach to `service a part of unincorporated Dade County known as Sunny Isles,' such a grant of authority cannot and does not operate to invest the city with any extramural power to tax such extraterritorial properties, to levy special assessments, or to impose liens therefor on extramunicipal properties not subject to legislatively granted municipal jurisdiction by special or general law.
Prepared by: William D. Hall, Jr., Assistant Attorney General