Mr. Neil R. Arther City Attorney City of Kissimmee Post Office Box 1608 Kissimmee, Florida 32742-1608
Dear Mr. Arther:
The City Commission of the City of Kissimmee has asked substantially the following question:
May the City of Kissimmee forgive or waive the one percent per month penalty for overdue payments required by s. 170.09, F.S., but otherwise utilize the special assessment method of funding public improvements provided in Ch. 170, F.S.?
In sum:
The City of Kissimmee may not forgive or waive the penalty for overdue special assessment payments prescribed in s. 170.09, F.S., if the city utilizes the supplemental and alternative method of making local municipal improvements described in Ch. 170, F.S.
According to your letter, the City of Kissimmee frequently initiates street paving programs for some of the remaining non-paved streets within its boundaries, in addition to sidewalk construction projects. When it can be shown that certain properties adjacent to these streets or sidewalks receive a special benefit from having the street paved or sidewalk constructed, the city commission has utilized the special assessment method of funding the paving improvements provided for in Ch. 170, F.S. As you note, this method includes procedures for assessing property, filing liens, and repayment by the property owner over a period of time, with interest added and also provides for assessment of a penalty if payments are not made when due. Over the last ten years, the city has completed many of these programs, and has followed the procedures in Ch. 170, F.S. The city has always added interest and penalties as required by the statute.
Many property owners in your city have either never made repayments on their assessments or have become extremely delinquent. Some of the accounts are so delinquent that the entire balance due consists mainly of interest and penalties. These property owners have approached the city commission, claiming that they now cannot repay their assessments because the penalties have inflated the total amount due. The city commission sees the imposition of the penalties as a hardship upon the delinquent property owners. The city commission would like to continue to utilize the special assessment method of funding public improvements provided in Ch. 170, F.S., and desires to add interest but not penalties, even when the account is overdue. The city commission also desires to forgive the penalties which have already been assessed against delinquent accounts for previous public improvement projects.
Special assessments are charges assessed against the property of some particular locality because that property derives some special benefit from the expenditure of the money collected by the assessment, in addition to the general benefit accruing to all property or citizens.[1] As this office has previously stated, the power to make special assessments can be exercised only for special improvements, and cannot be exercised to burden particular property and the owners thereof with the costs of general governmental benefits and expenditures. Thus, special assessments cannot be imposed to pay for an improvement which is primarily of general public benefit.[2]
Florida case law indicates that special assessments are levied under the taxing power and are "a peculiar species of taxation."[3] The taxing power of municipalities is not derived from s. 2(b), Art. VIII, State Const.; rather, the origin of the municipal taxing power is found in ss. 1(a) and 9(a), Art. VII, State Const.[4] Thus, municipalities possess no home rule power to levy special assessments. In the absence of specific statutory authority therefor, a special assessment cannot be imposed.[5]
Florida courts have stated that the authority given to municipalities to impose special assessments should be strictly construed.[6] Any material departure from the express authority conferred on a municipality to impose such assessments is fatal to the validity of the special assessment.[7] Therefore, in order that a special assessment be valid and enforceable, it must be made pursuant to legislative authority and in the manner or method prescribed by the Legislature.[8]
Section 170.01(1)(a), F.S., authorizes "[a]ny municipality of this state . . . by its governing authority" to:
Provide for the construction, reconstruction, repair, paving, repaving, hard surfacing, rehard surfacing, widening, guttering, and draining of streets, boulevards, and alleys and for grading, regrading, leveling, laying, relaying, paving, repaving, hard surfacing, and rehard surfacing of sidewalks[.]
Section 170.09, F.S., relating to the payment of special assessments, provides that:
The special assessments shall be payable at the time and in the manner stipulated in the resolution providing for the improvement; . . . shall bear interest, at a rate not to exceed 8 percent per year, or, if bonds are issued pursuant to this chapter, at a rate not to exceed 1 percent above the rate of interest at which the improvement bonds authorized pursuant to this chapter and used for the improvement are sold, from the date of the acceptance of the improvement; and may, by the resolution aforesaid and only for capital outlay projects, be made payable in equal installments over a period not to exceed 20 years, to which, if not paid when due, there shall be added a penalty at the rate of 1 percent per month, until paid. However, the assessments may be paid without interest at any time within 30 days after the improvement is completed and a resolution accepting the same has been adopted by the governing authority. (e.s.)
It is the general rule, which Florida follows, that a special assessment for benefits bears no interest or penalty for nonpayment unless the law so provides.[9] However, when a penalty for delinquency on payment of a special assessment is provided by a statute, it is an incident to the levy proper, or a part of the assessment, and when it attaches it becomes a part of the original obligation and the municipality is without power to remit it.[10]
The Legislature has used the word "shall" in mandating that the penalty be added for delinquency on payment for special assessments imposed pursuant to this chapter.[11] It is the rule that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[12] Thus, by providing for the imposition of a penalty for delinquent payments of special assessments, the Legislature has prohibited the use of any other method to assure prompt payment and to compensate for possible injuries suffered by a delay in payment.
Therefore, it is my opinion that the City of Kissimmee may not forgive or waive the penalty imposed by s. 170.09, F.S., on delinquent special assessment payments but otherwise utilize the method of funding public improvements set forth in Ch. 170, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, AGO 84-48 (The City of Apopka is authorized by Ch. 170, F.S., to impose a special assessment by resolution upon specially benefited property of the homeowners of a subdivision to pay a pro rata share of the costs of maintaining a drainage retention pond and its appurtenances or its appurtenant drainageways), and AGO 82-103.
[2] Cf., s. 170.01(2), F.S., providing that special assessments levied pursuant to this section shall be levied only on benefited real property at a rate based on the special benefit accruing to such property from such improvements when the improvements funded by the special assessment provide a benefit which is different in type or degree from benefits provided to the community as a whole.
[3] See, AGO's 84-48 and 80-87, citing Jackson v. City of Lake Worth, 23 So.2d 526 (Fla. 1945); State v. Caldwell, 35 So.2d 642
(Fla. 1948); Anderson v. City of Ocala, 91 So. 182 (Fla. 1921).
[4] Cf., Contractors and Builders Association of Pinellas County v. City of Dunedin, 329 So.2d 314 (Fla. 1976).
[5] Id. And see, City of Miami v. Brinker, 342 So.2d 115 (3 D.C.A. Fla., 1977) (municipalities have no inherent power to levy special assessments); Simpson v. City of Brooksville, 188 So. 794 (Fla. 1939) (municipal corporations have no inherent power to levy special assessments and in order that such assessments be valid and enforceable, they must be made pursuant to legislative authority and in the manner or method prescribed by the Legislature); AGO's 82-9, 85-101. Compare, AGO 81-76 discussing limitations on the authority of a municipality to impose penalties for violations of municipal ordinances under its home rule powers.
[6] City of Gainesville v. McCreary, 63 So. 914 (Fla. 1913); Snell Isle Homes, Inc. v. City of St. Petersburg, 199 So.2d 525 (2 D.C.A. Fla., 1967), cert. denied, 204 So.2d 210 (Fla. 1967).
[7] Id.
[8] Simpson v. City of Brooksville, 188 So. 794 (Fla. 1939); AGO 82-9 (in the absence of specific statutory authorization therefor, the city is without power to levy and collect special assessments on buildings over 2 stories in height to finance the purchase of firefighting equipment and may not impose user charges or fees on such buildings for providing general fire protection in the performance of a governmental duty owed to the general public); AGO 80-87.
[9] See, Town of Monticello v. Finlayson, 23 So.2d 843 (Fla. 1945).
[10] See generally, 63 C.J.S. Municipal Corporations s. 1579 a. and d.
[11] See, Drury v. Harding, 461 So.2d 104 (Fla. 1984) (the word "shall" is normally used in a statute to connote mandatory requirement). Cf., State, Department of Revenue v. Zuckerman-Vernon Corporation, 354 So.2d 353, 357 (Fla. 1977) construing the provisions of s. 201.17(2), F.S., which impose a documentary stamp penalty, as mandatory.