Mr. Jon M. Henning City Attorney City of Sunrise
QUESTION:
Is the City of Sunrise authorized to use the uniform method for the collection of non-ad valorem assessments prescribed in s.197.3632(3)(a), F.S., to collect special assessments it has imposed pursuant to Ch. 170, F.S.?
SUMMARY:
The City of Sunrise is authorized to collect capital project assessments by the method prescribed in s. 197.3632, F.S., when such assessments have previously been collected pursuant to another method. However, the collection method for non-capital project assessments imposed by the city may not be changed to that provided for by s. 197.3635, F.S.
Your letter states that the City of Sunrise created various non-ad valorem special assessment programs in the early 1980's. These assessments were imposed for the purpose of funding road, utility and drainage improvements. Chapter 170, F.S., was cited as authority for enacting these assessments. The city issued special assessment revenue bonds to raise the funds necessary to carry out the improvement program. A schedule of annual assessment payments, including principal and interest, was established to pay debt service on the bonds. The city's finance department has collected assessments by invoicing the landowners annually.
Special assessments are charges assessed against the property of a particular locality because that property derives some special benefit from the expenditure of the money collected by the assessment in addition to the general benefit accruing to all property or citizens.[1] Special assessments are levied under the taxing power and are considered a "peculiar species of taxation."[2]
Although the legislative and governing body of a noncharter county is granted broad home rule powers by s. 1(f), Art. VIII, State Const., as implemented by s. 125.01, F.S., and as construed in Speer v. Olson, 367 So.2d 207, 211 (Fla. 1978), the taxing power of the county is derived from Art. VII, State Const., not Art. VIII, State Const. Thus, a noncharter county possesses no home rule power to levy taxes and assessments.[3] Section 1(a), Art. VII, State Const., provides that "[n]o tax shall be levied except in pursuance of law." The term "law" as used in the constitutional sense means a statute passed by both houses of the state Legislature.[4]
Chapter 170, F.S., provides a supplemental and alternative method for making municipal improvements.[5] Pursuant to s.170.01(1)(g), F.S., all or any part of the costs of such improvements[6] may be recovered by levying and collecting special assessments. The statute states that:
 Special assessments may be levied only for the purposes enumerated in this section and shall be levied only on benefited real property at a rate of assessment based on the special benefit accruing to such property from such improvements when the improvements funded by the special assessment provide a benefit which is different in type or degree from benefits provided to the community as a whole.[7]
Special assessments may be levied under Ch. 170, F.S., only for those purposes described therein, only on the real property which is benefited thereby and at a rate of assessment based on the special benefit which accrues to the property from the improvements.[8] Pursuant to s. 170.09, F.S., such special assessments "shall remain liens, coequal with the lien of all state, county, district, and municipal taxes, superior in dignity to all other liens, titles, and claims, until paid . . . ."
Section 197.3632(3)(a), F.S., provides that local governments, including municipalities,[9] which are authorized to impose non-ad valorem assessments may elect to use the uniform method prescribed by Ch. 197, F.S., to collect such assessments.[10]
A "[n]on-ad valorem assessment" is an assessment which is not based upon millage and which can become a lien against a home-stead pursuant to s. 4, Art. X, State Const.[11]
Those special assessments authorized in Ch. 170, F.S., would come within this definition of "non-ad valorem assessment" since they are not millage based assessments and, in the event of nonpayment, may become liens against homestead property.
It is axiomatic that taxes can be levied, assessed and collected only in the manner set forth by statute.[12] It is clear that a municipality is statutorily authorized to collect special assessments pursuant to the provisions of s. 197.3632, F.S. The issue here is whether the method of collecting a special assessment may be altered during the term of payment for the improvements.
Section 197.3632(9)(a), F.S., provides in part that:
A local government may elect to use the uniform method of collecting non-ad valorem assessments as authorized by this section for any capital project assessment levied pursuant to general or special law or municipal or county ordinance, whetheror not such assessment was initially imposed prior to January 1,1990, or has previously been collected by another method. (e.s.)
Thus, the statute clearly contemplates the use of this collection method for capital project assessments[13] levied prior to January 1, 1990, or which were previously collected using some other method.
When a statute sets forth exceptions, such as that provided in s.197.3632(9)(a), F.S., no others may be implied to be intended. Therefore, for special assessments previously collected by another method, only those special assessments imposed by the city for capital project assessments may now be collected by the method prescribed by s. 197.3635, F.S.
Thus, it is my opinion that the City of Sunrise may utilize the method set forth in s. 197.3632, F.S., to collect those special assessments levied[14] by the city pursuant to Ch. 170, F.S., and previously collected by another method only if such assessments are for capital project assessments.
[1] See, 48 Fla.Jur.2d Special Assessments s. 1; AGO's 86-32, 84-48, and 82-103.
[2] State ex rel. Board of Supervisors of South Florida Conservancy Dist. v. Warren, 57 So.2d 337, 340 (Fla. 1951); State ex rel. Board of Supervisors of South Florida Conservancy Dist. v. Caldwell, 35 So.2d 642 (Fla. 1948); Jackson v. City of Lake Worth, 23 So.2d 526 (Fla. 1945); Anderson v. City of Ocala, 91 So. 182 (Fla. 1921).
[3] See, AGO's 86-32 and 85-90. Cf., City of Miami v. Brinker, 342 So.2d 115 (3 D.C.A. Fla., 1977) (municipality has no inherent power to levy assessments); AGO's 82-9 and 80-87.
[4] See, Broward County v. Plantation Imports, Inc.,419 So.2d 1145 (4 D.C.A. Fla., 1982); Grapeland Heights Civic Association v. City of Miami, 267 So.2d 321 (Fla. 1972); Advisory Opinion to Governor, 22 So.2d 398 (Fla. 1945).
[5] See, Title, Ch. 170, F.S.
[6] Such improvements include the construction, repair, widening and draining of streets and the laying and paving of sidewalks, s. 170.01(1)(a), F.S.; the construction, repair, and stabilization of greenbelts, swales, culverts, and storm sewers, s. 170.01(1)(b), F.S.; the construction or reconstruction of water mains, s. 170.01(1)(c), F.S.; the drainage and reclamation of wet, low, or overflowed lands, s. 170.01(1)(d), F.S.; providing offstreet parking facilities, parking garages, or similar facilities, s. 170.01(1)(e), F.S.; and providing mass transportation systems, s. 170.01(1)(f), F.S.
[7] Section 170.01(2), F.S.
[8] And see, s. 170.02, F.S., which provides that:Special assessments against property deemed to be benefited by local improvements, as provided for in s. 170.01, shall be assessed upon the property specially benefited by the improvement in proportion to the benefits to be derived there-from, said special benefits to be determined and prorated according to the foot frontage of the respective properties specially benefited by said improvement, or by such other method as the governing body of the municipality may prescribe.
[9] "Local government" is defined for purposes of s.197.3632(1)(b), F.S., to mean "a county, municipality, or special district levying non-ad valorem assessments."
[10] And see, s. 197.3631, F.S., which provides in part that: Non-ad valorem assessments as defined in s. 197.3632
may be collected pursuant to the method provided for in ss.197.3632 and 197.3635. Non-ad valorem assessments may also be collected pursuant to any alternative method which is authorized by law, but such alternative method shall not require the tax collector or property appraiser to perform those services as provided for in ss. 197.3632 and 197.3635.
[11] Section 197.3632(1)(d), F.S.
[12] See, Walter E. Heller Company Southeast, Inc. v. Williams 450 So.2d 521 (3 D.C.A. Fla., 1984), petition forrev. den., 462 So.2d 1108 (Fla. 1985).
[13] A "[c]apital project assessment" is defined by s.197.3632(1)(g), F.S., to mean "a non-ad valorem assessment levied to fund a capital project, which assessment may be payable in annual payments with interest, over a period of years."
[14] Pursuant to s. 197.363(6), F.S., no new special assessments may be collected pursuant to this section on or after January 1, 1990.